## Commonwealth *v.* Shaleen, Appellant.

215    595
3 JSC²302

*Mines and mining—Registration of miner—Constitutional law—Constitution of the United States—Act of July 15, 1897, P. L. 287—Statutes.*

The Act of July 15, 1897, P. L. 287, is to be construed so as to require as a qualification for registration of miners two years' experience in the anthracite coal mines of the commonwealth, and thus construed the act is not unconstitutional as violating the constitution of the United States, as to the privileges and immunities of citizens.

The courts may put a literal construction on a penal clause, and a liberal construction on a remedial clause in the same statute.

Argued Feb. 21, 1906.   Appeal, No. 26, Jan. T., 1906, by defendant, from judgment of Superior Ct., Jan. T., 1905, No. 9, affirming judgment of Q. S. Lackawanna Co., Oct. T., 1904, No. 1,282, on verdict of guilty in case of Commonwealth v. John Shaleen.   Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Appeal from Superior Court.

For the facts see the opinion of the Supreme Court and 30 Pa. Superior Ct. 1.

*Error assigned* was the judgment of the Superior Court.

*James H. Torrey*, with him *Joseph O'Brien*, for appellant.

*John R. Jones* for the United Mine Workers of America, with him *William R. Lewis*, District Attorney, *Robert J. Murray* and *George S. Horn*, for appellee.

OPINION BY MR. JUSTICE STEWART, June 27, 1906 :

In affirming this judgment we would not be understood as adopting the interpretation placed on the act of assembly under which the case arises, by the court from which the appeal comes.   That interpretation brings the act—so it is argued—in conflict with that provision of the federal constitution which guarantees equal privileges to the citizens of the several states. An interpretation which finds larger and better support in those features of the act which should determine the question, leaves

it clear of any such objection as that urged, and avoids all discussion of those other questions so elaborately and ably argued by court and counsel.

The appellant, a citizen of the state of Illinois, was convicted in the court below of violation of the Act of July 15, 1897, P. L. 287, which makes it a misdemeanor for anyone, except he first obtain a certificate of qualification from the Miners' Examining Board of the proper district, and has been duly registered, to engage as a miner in any anthracite coal mine. As a qualification for examination and registration, the act requires that the applicant shall have had two years' experience as a miner or mine laborer " in the mines of this commonwealth." If this requirement relates to experience in the anthracite mines of this commonwealth exclusively, it is conceded that no question of conflict can arise. The construction the act received, enlarged and extended this qualification in the matter of experience, so as to make it embrace all who may have had two years' experience in any of the mines of the commonwealth irrespective of their character, whether anthracite or bituminous. The argument is that the act is discriminatory in that it allows citizens of this state, who have had two years' experience in bituminous coal mines of the state, to be examined and registered as anthracite miners or mine helpers, while it denies this privilege to citizens of other states who have had equal experience in mines of like character in other states. The construction here contended for would defeat utterly the manifest purpose of the act as expressed in its title, and as may be gathered from its different provisions. What the legislature had in view was the protection of the persons and lives of those employed in the anthracite mines of the state. The safety of those so engaged depends upon the intelligent understanding by each, of those things which distinguish anthracite mines from all others, both in general design and the methods employed in working them. It will not be contended that experience even of a lifetime in an iron ore mine, or a zinc mine, would acquaint one in the slightest degree with the dangers that lurk in an anthracite coal mine. Whether experience in a bituminous mine would to any extent be helpful may be a question that admits of discussion; but the interpretation of the act that would admit the experienced bituminous miner, would admit

as well every other kind of experienced miner, no matter whether he has ever seen a coal mine or not. The argument in support of this construction evidently stops short of its own logical conclusion. The effect of such construction, as we have said, would be to make the act ineffectual and futile. We are not required to put such construction upon its language. That part of the act we are considering calls for liberal construction ; it is not penal but beneficial and remedial, and is to be construed so as to give effect to the legislative intent. "There is no impropriety in putting a literal construction on a penal clause, and a liberal construction on a remedial clause in the same Act of Parliament." This was said by Chief Justice Best in Short v. Hubbard, 2 Bing. 349, 9 E. C. L. 610. The same rule has frequently been applied in our own cases, and only very recently by the present Chief Justice in the case of Stull v. Reber, ante, p. 156. This latter case involved the construction of the act of assembly requiring under penalties the vaccination of all children attending public schools. Notwithstanding the penalties prescribed, so much of the act as was remedial in its character was allowed to receive a liberal construction so as to accomplish the legislative purpose.

The learned judge of the court below held that the act required as a qualification for registration two years' experience in the anthracite coal mines of the commonwealth, and in this view we concur. The Superior Court, while dissenting from this view, found other reasons justifying an affirmance of the judgment. These call for no consideration here.

The judgment is affirmed.