## Fazio, Appellant, *v.* Pittsburgh Railways Company.

8

Argued October 7, 1935.   Before Frazer, C. J., Kephart, Schaffer, Maxey, Drew, Linn and Barnes, JJ.

*S. C. Pugliese,* of *Margiotti, Pugliese, Evans & Reid,* for appellant.

*William A. Challener,* with him *J. R. McNary,* for appellee.

Opinion by Mr. Justice Maxey, January 31, 1936:
Plaintiff brought an action of trespass against the defendant.  Her claim was that "on February 19, 1931, at 11:15 a. m. she was riding as a passenger for hire on a street car owned by the defendant corporation and oper-

ated by defendant's employees . . . along Penn Avenue in the vicinity of 31st Street, Pittsburgh." She averred that by reason of the negligent operation of the car it collided with a motor truck and she sustained personal injuries. The defendant filed no affidavit of defense and on the trial made the following admission: "Counsel for defendant admits that the street car described in the statement of claim belonged to the defendant company and was being operated by its employee at the time and in the regular course of his and its business."

The evidence admitted in behalf of defendant established the fact that the collision between a street car and a motor truck at the intersection of Penn Avenue and 31st Street, Pittsburgh, occurred on January 15, 1931, and that defendant's street car was not involved in any accident of any kind on February 19, 1931. Plaintiff was given an opportunity to amend her statement of claim as to the date of the happening of the accident but she refused to do so and maintained in the face of facts to the contrary that the collision in which she was injured occurred on February 19th. A question was submitted to the jury, reading as follows: "Do you find that the plaintiff was injured while a passenger on a street car operated by motorman Hunter on the 19th day of February, 1931?" The jury answered this in the negative.

A verdict was returned in favor of the defendant and the court below refused a new trial. In its opinion the court said: "Ordinarily, allegations of time in actions of trespass are immaterial and need not be proved as laid, but they may, however, become material, and in this case the date was material because of the description of the injury and the medical testimony based on a history of the case. . . . Plaintiff testified that on the day she was injured she went to the home of a Mrs. Peters on the North Side of the City of Pittsburgh. Mrs. Peters had employed her as a beautician and she was to start work

on the 19th day of February. She said that on that day she complained to Mrs. Peters of the injury she had received, and Mrs. Peters testified she felt the plaintiff's side and back and felt a lump or swelling. Mrs. Peters was likewise positive in her testimony that it was the 19th day of February, fixing it as four days before her wedding anniversary. She and the plaintiff also testified that on practically every day during the month of January plaintiff had called at her shop to demonstrate her knowledge of, and ability to perform, the work of a beautician. . . . There was no medical testimony or any lay testimony to show the lump or swelling which appeared [on plaintiff's back] on the 19th day of February, 1931, could have been caused by an injury received in a collision on the 15th day of January, 1931." The court below overruled plaintiff's contention that in the absence of an affidavit of defense, the date alleged in the statement of claim is to be taken as admitted. The court below said: "Nor are we impressed by the argument that defendant's admission that the street car was being operated by its employee at the time must be considered as an admission that plaintiff was injured through its negligence on the date alleged in the statement of claim."

This case presents squarely the question: When in actions of trespass no affidavit of defense is filed, shall the averment in plaintiff's statement as to the time of the happening of the trespass complained of be taken as admitted? The appellate courts of this State have never heretofore had occasion to answer this question.

Section 1 of the Practice Act of 1915, P. L. 483, provides that "after January 1, 1916, in actions of assumpsit and trespass, except actions for libel and slander, brought in any court of common pleas, the procedure shall be as herein provided." Section 6 is under the heading "The Pleadings Generally" and provides that "every allegation of fact in the plaintiff's statement of claim, or in the defendant's set-off or counterclaim, if

not denied specifically or by necessary implication in the affidavit of defense, or plaintiff's reply, as the case may be, or if no affidavit of defense or plaintiff's reply be filed, shall be taken to be admitted, except as against an infant, a person of unsound mind, or one sued in a representative capacity." Section 13, which is under the heading "Affidavits of Defense," reads as follows: "In actions of trespass the averments, in the statement, of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with section six; the averments of the other facts on which the plaintiff relies to establish liability, and averments relating to damages claimed, or their amount, need not be answered or denied, but shall be deemed to be put in issue in all cases unless expressly admitted."

It is obvious that if section 6 stood alone, an allegation of time in a plaintiff's statement, if not denied specifically or by necessary implication, would have to be taken as admitted (except as against the stipulated classes). But section 13 *specifically mentions what averments* the statement filed in an action of trespass shall be taken to be admitted, if not denied. These are of (1) the person by whom the act was committed, (2) the agency or employment of such person, (3) the ownership or possession of the vehicle, machinery, property or instrumentality involved, and (4) all similar averments. Section 6 is general in its terms; section 13 is specific in its terms.

A principle frequently applied in interpreting statutes is that "the mention of one thing implies the exclusion of another thing: expressio unius est exclusio alterius. The affirmative description of the cases in which the jurisdiction may be exercised implies a negative on the exercise of such power in other cases. . . . The maxim is not of universal application, but is to be applied only

as an aid in arriving at intention and not to defeat the apparent intention": 25 R. C. L., page 981, section 229.

Another principle that is recognized in the interpretation of statutes is the following: "When the design of the legislature is not clearly apparent, it is always to be presumed that a statute was intended to have the most reasonable and beneficial operation that its language permits. And when a statute is ambiguous in terms or fairly susceptible of two constructions, the injustice, unreasonableness, absurdity, hardship, or even the inconvenience which may follow one construction may properly be considered and a construction of which the statute is fairly susceptible may be placed on it that will avoid all such objectionable consequences and advance what must be presumed to be its true object and purpose": 25 R. C. L., section 255, page 1017.

An application of the standards of reasonableness and convenience to the interpretation of sections 6 and 13 leads us to the conclusion that the plaintiff in an action of trespass has the burden of proving the time pleaded, even though no affidavit of defense has been filed. It is a well-recognized principle of evidence that he who has the positive of any proposition is the party called upon to offer proof of it. It is seldom, if ever, the duty of a litigant to prove a negative until his opponent has come forward to prove the opposing positive. Furthermore, the onus probandi is usually on the party who wishes to support his case by a particular fact which lies more peculiarly within his knowledge or of which he ought to be cognizant.

A person who claims to have been injured in an' accident is possessed of knowledge of the time of that accident and is in a position to prove the time, whereas the opposing pleader may, in the inception of the case, have no knowledge whatsoever of any such accident as that pleaded and until he hears plaintiff's proof as to time, he may not be able to begin even the marshalling of countervailing proof. Therefore, the reasonable rule is that

when a statement sets forth that a negligent act took place at a certain time, the claimant should come to court prepared to prove that averment even though no pleading has controverted it. This imposes no hardship upon a plaintiff. The rule herein laid down does not affect in any way a pleader's right, as heretofore judicially recognized, to amend during the course of a trial his pleadings.

In the instant case, however, not only was there no denial of the averment as to the time pleaded but defendant's counsel in the trial made the admission set forth in the first paragraph of this opinion. Perhaps in making this admission, counsel did not realize that the time of the accident would become so material in this case and he was thus misled into making the admission "that the street car described in the statement of claim belonged to the defendant company and was being operated by its employee *at the time*" (italics supplied). He may have intended merely to admit the street car described belonged to defendant and was being operated by defendant's employee at the time that plaintiff was injured by that car, assuming that she could prove that she was so injured. On the other hand, plaintiff could easily have been led by this admission into the belief that she was not called upon to prove the averment as *to the time* of the happening of the alleged negligent act. Under these circumstances the manifestly fair thing to do is to grant a new trial, so that both parties may have an opportunity to come to court armed respectively with evidence on what proved to be a material issue, to wit, the time of the happening of the accident out of which plaintiff's claim arose.

The judgment is reversed with a venire.

DISSENTING OPINION BY MR. JUSTICE DREW:

I cannot agree that the statement of defendant's counsel at the trial, that "the street car described in the statement of claim belonged to the defendant company and

was being operated by its employee at the time and in the regular course of his and its business," constituted an admission that the accident occurred on the date alleged in the statement of claim. "At the time" obviously referred to the time of the collision, whenever that might have been. It had no reference to the date alleged in the statement of claim. It seems to me unreasonable to suppose that plaintiff was or could have been led by this statement "into the belief that she was not called upon to prove the averment as to the time of the happening of the alleged negligent act," as the majority opinion asserts. Plaintiff insisted that the accident happened on February 19th, in the face of facts to the contrary. In view of that insistence, I do not see how it can be said that she regarded the time of the accident as of no consequence or as not requiring proof.

Since the reversal of the judgment is rested solely upon this statement of defendant's counsel, I am compelled to dissent. I would affirm the judgment of the court below.