Bishop *v.* Bacon et al., Appellants.

Argued December 16, 1937.

Before

KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Mark T. Milnor,* for appellants.

*W. E. Shissler,* for appellee.

OPINION BY RHODES, J., January 27, 1938:

This is a proceeding under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended (12 PS § 831 et seq.). Judgment was entered by the court below for plaintiff and against the school district of the city of Harrisburg and the board of school directors of the district in accordance with the prayer of plaintiff's petition for declaratory judgment. This appeal has followed.

Plaintiff is, and has been since 1931, a teacher in one of the junior high schools in the school district of the city of Harrisburg. Appellants are the duly elected and acting members of the board of school directors of that school district.

The court below was of the opinion that plaintiff was entitled to have received, in addition to his minimum salary of $1,400, for the school year 1935-1936, four increments of $100 each instead of two, as paid; for the year 1936-1937, five increments of $100 each instead of three, as paid; and for the year 1937-1938, six increments of $100 each instead of four, less, in each year, the amount required for the teachers' retirement fund.

It is contended by appellants that plaintiff has been, and is being, paid by the school district in accordance with the proper and legal salary and increment schedule.

We shall confine ourselves to a statement of those facts, disclosed by the record, which are necessary to make clear the issues involved in this appeal.

Plaintiff was employed on or about August 31, 1931, as a teacher in the school district of the city of Harrisburg, a district of the second class, for the school year 1931-1932. His salary was fixed at $1,400, which was the minimum annual salary to which plaintiff was entitled under the Act of May 18, 1911, P. L. 309, art. 12, § 1210, cl. 5, as amended (24 PS § 1168). Plaintiff was reemployed for the school year 1932-1933, and served in the same capacity and in the same school. For that year his compensation was $1,500, which was the minimum basic salary of $1,400 plus one increment of $100.

After the passage of the Act of April 25, 1933, P. L. 69 (24 PS § 1187 et seq.), the school district availed itself of the provisions of the act for the payment of such employees as came within the act; and plaintiff's compensation for the school years 1933-1934 and 1934-1935 was computed and paid in accordance with the provisions of that act. For each of these years plaintiff's compensation was $1,350. This sum was 90 per cent of the minimum amount which plaintiff was entitled to receive under the salary schedule in effect immediately prior to the effective date of the act.

For the school year 1935-1936 plaintiff's compensation was $1,600; for 1936-1937, $1,700; for 1937-1938 plaintiff is being paid at the rate of $1,800 for the school year. On August 31, 1931, plaintiff and the president and the secretary of the board of school directors of the school district executed a contract, containing the statutory requirements (24 PS § 1126), providing for

an annual compensation of $1,400, less teachers' retirement fund contribution, as a teacher in said school district. On June 3, 1932, a similar contract was executed providing for an annual compensation of $1,500. Again, on June 9, 1933, a similar contract was executed providing for an annual compensation of $1,350; and on the 11th day of April, 1934, a supplement to the teacher's contract of June 9, 1933, was executed by the parties, which provided that the board of school directors of the school district could change the salary of plaintiff from year to year, as the board might determine, in accordance with the School Code or any amendments or supplements thereto affecting teachers' salaries. On May 3, 1937, the parties executed a professional employee's contract providing for an annual compensation of $1,700. Plaintiff's salary for 1937-1938 was fixed at $1,800 on September 7, 1937.

It is now plaintiff's contention that, during the school years 1935-1936 and 1936-1937, he was underpaid in that (1) during the school year 1935-1936 he was paid $1,600, while he should have received $1,800; and (2) that, during the school year 1936-1937 he was paid $1,700, while he should have received $1,900. It is also plaintiff's contention that for the school year 1937-1938 he is entitled to receive no less than $2,000, while it is the position of appellants that he is entitled to receive only $1,800.

The question involved is the interpretation and the effect of the Act of April 25, 1933, P. L. 69 (24 PS § 1187 et seq.), the relevant portions of which are quoted in the margin. [1]

---

[1] "Section 1. Be it enacted, etc., That— Definitions.— The following terms shall be construed in this act to have the following meanings:

"1. 'Employe.' Any teacher, ...... or other person engaged in any work concerning or relating to the public schools of this Commonwealth, or in connection therewith, or under contract or

Plaintiff admits that he was paid by the school district for the school years 1933-1934 and 1934-1935 in accordance with the provisions of the School Code, as amended (24 PS § 1 et seq.), and the Act of 1933 (24 PS § 1187 et seq.). The contracts provided that they were subject to the provisions of the Act of May 18, 1911, P. L. 309, and the amendments thereto. See 24 PS § 1126. But the provisions of the Act of 1911,

---

engagement to perform one or more of these functions. No person, however, shall be deemed an employe within the meaning of this act who is not regularly engaged in performing one or more of these functions as a full-time occupation outside of vacation periods. ......

"2. 'Employer.' The ...... school district ...... by which the employe is paid.

"3. 'Teacher or Supervisor.' A member of the teaching or supervisory staff or other appointee of any school district to whom any statutory minimum salary schedule shall be applicable.

"4. 'Salary Schedule.' A schedule of minimum basic salaries, plus required increments, prescribed by any act of Assembly for the payment of salaries of teachers or supervisors.

"Section 2. Re-employed Teachers and Supervisors.—During the period in which this act shall be in effect, no school district shall be required to pay to any teacher or supervisor, who, during the year preceding the effective date of this act, shall have been in its employ, or who during such year shall have been in the employ of any school district whose territory shall wholly or in part comprise such district, any salary or compensation at a rate greater than ninety per centum of the minimum amount which such teacher or supervisor was entitled to receive under the salary schedule immediately prior to the effective date of this act. ......

"Section 12. Effective Date: Period During Which Act Shall Be Effective.—This act shall become effective immediately upon its passage by the General Assembly and its approval by the Governor, and shall remain in effect as to school districts of the second, third, and fourth classes until the first day of July, one thousand nine hundred thirty-five, and as to school districts of the first class until the first day of January, one thousand nine hundred and thirty-six.

"Section 13. Inconsistent Provisions.— All acts and parts of acts inconsistent with the provisions of this act are hereby superseded for the period during which this act shall be in effect."

as amended, in force at the time, were not unalterably incorporated within such contracts as parts thereof.

Under clauses 1 and 5, § 1210, art. 12, of the School Code of 1911, as amended (24 PS § § 1164, 1168), plaintiff was entitled to receive a minimum annual salary of $1,400, together with a minimum annual increment of $100 and a minimum number of eight, provided he remained in the service of the district (clause 10, § 1210 [24 PS § 1173]).

In clause 9, § 1210, art. 12, of the School Code of 1911, as amended (24 PS § 1172), it is provided: "Teachers shall be entitled to the increments provided for in said schedules who have complied with such requirements as may be prescribed by the State Board of Education, except where additional qualifications are required by the local board of public education or board of school directors."

Having met the prescribed requirements, plaintiff, for the year 1932-1933, received the minimum increment of $100, making a total compensation for that school year of $1,500. This was his salary schedule at the time of the enactment of the Act of 1933 (24 PS § 1187 et seq.). This act related "to the minimum salaries and annual increments of the teaching and supervisory staffs of the public schools. . . . . . ." Section 13 (24 PS § 1199) provides: "All acts and parts of acts inconsistent with the provisions of this act are hereby superseded for the period during which this act shall be in effect."

"Salary schedule," as defined by section 1 (4) of the Act of 1933 (24 PS §1187), includes the minimum basic salaries, plus required increments, prescribed by any act of Assembly for the payment of salaries of teachers or supervisors. This has reference to the schedules in section 1210, art. 12, of the School Code of 1911, as amended, in force at the time of the enactment of the Act of 1933. See 24 PS § § 1165—1170. Sections 2

and 3 of the Act of 1933 (24 PS §§1188, 1189) state how the minimum amount to which a reduction may apply is to be ascertained.

Although "salary" and "increment" are separate and may be properly considered distinct for certain purposes, they together constituted plaintiff's "salary schedule." When plaintiff became entitled to an increment of $100 for the school year 1932-1933, which was added to his minimum salary of $1,400 which he received for the year 1931-1932, $1,500 became his basic compensation to which the provisions of the Act of 1933 might be made applicable. In effect, it became a new minimum (he having remained in the service of the same district) of which he received 90 per cent for the school years 1933-1934 and 1934-1935, under the provisions of the Act of 1933; and it thus was plaintiff's base salary in the school district of the city of Harrisburg at the expiration of that act on July 1, 1935.

It is argued on behalf of plaintiff that plaintiff's salary, after the expiration of the period during which the Act of 1933 was to remain in force, should be determined under the School Code of 1911, as amended (24 PS § 1 et seq.), as though the Act of 1933 had not been enacted. Our interpretation of the Act of 1933 does not bring us to this conclusion. Clauses 1 and 5, §1210, art. 12, of the School Code of 1911, as amended (24 PS § § 1164, 1168), were inconsistent with the Act of 1933. Both could not be operative at the same time in the same school district. When the school district of the city of Harrisburg, through its board of school directors, the appellants, deemed it necessary to take advantage of the provisions of the Act of 1933, clauses 1 and 5, § 1210, art. 12, of the School Code, as amended (24 PS § § 1164, 1168), were superseded as provided by section 13 of the Act of 1933 (24 PS § 1199) ; they did not remain, during the effective period of the Act of 1933, in a state of suspended animation; they were,

as to that school district, completely set aside, replaced, as it were repealed, for the period during which the Act of 1933 was operative as to second class school districts. The legislative intent, we think, is apparent from the use of the word "supersede." This has been defined as follows: To set aside; to replace; to make void, inefficacious or useless. Supersede also means obliterate, annul, repeal. See 3 Words & Phrases (Fourth Series) p. 598. The legislative intent is more forcefully and clearly expressed in section 13 of the Act of 1933 by the use of the word "superseded" than it would have been if the word "suspended" had been employed. Suspend means to cause to cease for a time; to postpone.

The purpose of the Act of 1933 was to afford relief to financially embarrassed school districts, and to permit the operation of the school system of this Commonwealth with as little disruption as possible during the economic depression which the country was then experiencing. It is true that the Act of 1933 was only a temporary measure, and not mandatory; but if the payment of increments was only postponed during the two-year period when the Act of 1933 was in force, then the resulting financial burden on those school districts which were obliged to operate under the Act of 1933, immediately following its expiration, would largely, if not entirely, nullify the financial relief intended to be given to such districts by the act. This is not the construction to produce what we believe to have been the objectives of the legislature. " 'When the design of the legislature is not clearly apparent, it is always to be presumed that a statute was intended to have the most reasonable and beneficial operation that its language permits. And when a statute is ambiguous in terms or fairly susceptible of two constructions, the injustice, unreasonableness, absurdity, hardship, or even the inconvenience which may follow one construction

may properly be considered and a construction of which the statute is fairly susceptible may be placed on it that will avoid all such objectionable consequences and advance what must be presumed to be its true object and purpose': 25 R.C.L., section 255, page 1017": *Fazio v. Pittsburgh Railways Co.*, 321 Pa. 7, at page 12, 182 A. 696, at page 698.

It is our conclusion that, as to the school district of the city of Harrisburg, payment of the minimum annual salaries, and of the minimum annual increments, under clauses 1 and 5, § 1210, art. 12, of the School Code of 1911, as amended (24 PS § § 1164, 1168), was abolished for the effective period of the Act of 1933, and that, at the expiration of that act, the school district was only required to restore in full the salary schedules in effect immediately prior to the effective date of the act and to resume the increment payments as of the date of the expiration of the act, to wit, July 1, 1935.

As such inconsistent provisions (24 PS § § 1164, 1168) of the School Code of 1911, as amended, were, in our opinion, entirely superseded, as if repealed, during the effective period of the Act of 1933, the total compensation to which plaintiff is entitled for the years in controversy is as follows: 1935-1936, $1,600; 1936-1937, $1,700; 1937-1938, $1,800.

To hold that the minimum annual increments, which were not paid for the two-year period during which the Act of 1933 was in effect, must be allowed as though the act had never been passed, in computing plaintiff's salary for subsequent school years, would, in our opinion, be contrary to the purpose of the act and its express intent.

Judgment is reversed, and the record is remitted to the court below, with direction that judgment be entered in favor of the school district of the city of Harrisburg and defendants.