## Fleetwood Borough's Petition

*Allen K. Grim* and *Stevens & Lee*, for petitioner.

*Theodore G. Confer*, contra.

SCHAEFFER, P. J., November 20, 1944.—The Borough of Fleetwood, the School District of Fleetwood, and the County of Berks, having purchased at sheriff's sale held upon a writ of levari facias sur municipal tax

lien certain property described in their petition, ask the court to strike off certain tax liens entered by the Commonwealth of Pennsylvania against Fleetwood Textile Company, Inc., the former owner of the property. The petition recites that the first of the Commonwealth's liens was entered in 1942 for unemployment compensation taxes and the other was entered in 1943 for capital stock, corporate loans, and corporate net income taxes, all due by said corporation.

The Commonwealth has filed an answer admitting the facts set forth in the petition, but denying that the judicial sale in question discharged the tax liens held by the Commonwealth.

It appears that Fleetwood Textile Company, Inc., owed large sums of money in taxes to the borough, the school district, the county, and to the Commonwealth. In March 1943, at the instance of the borough, upon a writ of levari facias sur municipal lien, the company's property was offered at sheriff's sale. No bid sufficient to pay the taxes having been offered, the sale was postponed. On March 15, 1944, upon petition of the borough, the court issued a rule on all parties interested to show cause why a decree should not be made that the property be sold, freed and cleared of all claims, mortgages, charges, and estates of the parties interested. After due notice and hearing, this court decreed that said property should be sold at sheriff's sale on May 12, 1944, clear of all claims, liens, mortgages, etc., and that the highest bidder should take an absolute title to said property free and discharged of all taxes and municipal claims, liens, mortgages, charges, and estates of whatever kind, subject only to the right of redemption as provided by law.

At the sheriff's sale so held the three petitioners, acting together, and being the highest and only bidder, bought the property and have received a deed from the sheriff which has been duly recorded.

Petitioners now seek to have stricken from the record the liens, above mentioned, in favor of the Common-

wealth upon the ground that they were discharged by the sheriff's sale of May 12th.

The proceeding by the borough was in strict accord with the provisions of the Act of May 16, 1923, P. L. 207, 53 PS §2021, etc. Under section 31, petitioners here, as purchasers, took, "and forever thereafter shall have, an absolute title to the property sold, free, and discharged of all tax and municipal claims, liens, mortgages, charges and estates of whatsoever kind, subject only to the right of redemption".

But, notwithstanding the general and sweeping terms of the act and of the decree of court, has such sale discharged the liens of the Commonwealth?

In section 1 of the act the word "taxes" is defined as "any county, city, borough, incorporated town, township, school, bridge, road, or poor taxes". It is to be noticed that taxes due the Commonwealth are not included in the definition. Under the maxim "expressio unius est exclusio alterius" this raises a strong presumption that the legislature in providing that such sale should discharge the taxes enumerated did not intend that such sale should discharge the taxes due the Commonwealth, which are not mentioned. See Page et al. v. Allen et al., 58 Pa. 338, Fazio v. Pittsburgh Rys. Co., 321 Pa. 7, 11, Watson v. Witkin et al., 343 Pa. 1, 17.

In general, it is the business of the legislature to establish laws for individuals and not for the sovereign.

". . . when the rights of the Commonwealth are to be transferred or affected, the intention must be plainly expressed or necessarily implied": Jones v. Tatham, 20 Pa. 398, 411.

In his Interpretation of Statutes, sec. 161, Endlich, J., states:

"On probably similar ground rests the rule commonly stated in the form that the Crown is not bound by a statute unless named in it. It has been said that the law is prima facie presumed to be made for subjects only: (a) that ["the general business of the legislative

power is to establish laws for individuals, not for the sovereign."] At all events, the Crown is not reached except by express words, or by necessary implication, in any case where it would be ousted of an existing prerogative or interest. (b) It is presumed that the Legislature does not intend to deprive the Crown of any prerogative, right or property, unless it expresses its intention to do so in explicit terms, or makes the inference irresistible. Where, therefore, the language of the statute is general, and in its wide and natural sense would divest or take away any prerogative or right, [titles or interests] from the Crown, it is construed so as to exclude that effect." See Pittsburg v. Sterrett Subdistrict School, 204 Pa. 635, Baker et al. v. Kirschnek 317 Pa. 225, 231.

The above language covers our case precisely. The general language of the Act of 1923, passing, for the moment, the definition of taxes in section 1, purports to provide for the discharge of all tax and other liens of whatever kind. But the act in no place mentions the Commonwealth; hence the language must be construed as excluding the liens and taxes due the Commonwealth. This conclusion is strengthened by the failure of the legislature to include taxes due the Commonwealth in its enumeration of the taxes which are to be discharged by proceeding under the act.

Again, the Commonwealth is not mentioned in the title of the Act of 1923. This, we think, upon the principles discussed in Brumbach v. County of Berks, 29 Berks 129, is equally decisive.

The issue here presented is solely whether or not the sheriff's sale held in pursuance of the Act of 1923, after notice and hearing in court, but without producing sufficient moneys for their payment, discharged the Commonwealth's tax liens. We should, however, point out that taxes and debts due the Commonwealth become liens upon the debtor's property only by virtue of positive statute. Ordinarily, such lien is evidenced or

created by the entry of the claim upon the judgment docket in the county in which the real estate to be found is located. But such is not always the case. By the Act of June 15, 1911, P. L. 955, all State taxes imposed upon a corporation were declared to be a first lien upon the franchise and property, both real and personal, of such corporation from the date when they were settled by the Auditor General and approved by the State Treasurer, whether or not such lien was filed in the county where the real estate was situated: Commonwealth v. Central Realty Co. et al., 338 Pa. 172. By The Fiscal Code of April 9, 1929, P. L. 343, sec. 1401, "All State taxes imposed under the authority of any law of this Commonwealth . . . shall be a first lien upon the franchises and property, both real and personal, of such corporation, . . . from the date of settlement . . ." and shall be paid first out of the proceeds of any judicial sale of such property.

In the case before us the sheriff's sale produced but $10, an amount totally insufficient to pay the Commonwealth's claim. Had the sum bid and paid at that sale sufficed to pay costs and the taxes due the Commonwealth, the Commonwealth would have been entitled to priority in distribution over all other lien creditors and the lien would have been discharged: Act of May 22, 1895, P. L. 111, 53 PS §2022a.

The Fiscal Code, also, in section 1402, 72 PS §1402, requires the sheriff or other officer intending to sell the property or franchise of any corporation to file with the Department of Revenue a statement setting forth the names of the partners, the time and place of sale, and the nature of the property to be sold, and makes it the duty of the Department of Revenue after receiving such notice to furnish the sheriff with a certified copy of all tax, etc., settlements on file in the department as liens against the corporation. But we have nothing upon the record here to show that such notice was given the Department of Revenue. Nor, in our opinion,

would the failure of the Department of Revenue to supply such certified statement of taxes due estop the Commonwealth from claiming such taxes or work their discharge.

And now, to wit, November 20, 1944, the rule to show cause is discharged and an exception directed to be noted.