## In Re: General Election Expenses of Milton J. Shapp in the General Election of November 5, 1974

164

Argued October 5, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate.

*Perrin C. Hamilton*, with him *Christopher F. Stouffer*, and *Hamilton, Darmopray & Malloy*, for petitioners.

*Israel Packel*, with him *Fox, Rothschild, O'Brien & Frankel*, for respondents.

*Frederick L. Voigt*, with him *David E. Prewitt*, for amicus curiae, Committee of Seventy.

Opinion by Judge Blatt, January 14, 1977:

This is an action within our original jurisdiction[1]

---

[1] The jurisdiction of this Court is provided in Section 508(a) (57) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.508(a)(57) and in Section 1611(a) of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §3231(a).

brought by five electors of this state (petitioners) to compel the filing of a supplemental expense account by the respondents, who are various individual citizens[2] and a committee of citizens known as Pennsylvanians for Shapp-Kline. The petitioners also seek an audit of an expense account filed by the committee with the Bureau of Elections (Bureau) on December 5, 1974. We are concerned here with the preliminary objections filed by the respondents to the petition.

Pennsylvanians for Shapp-Kline was a political committee organized to further the candidacies of Milton J. Shapp and Ernest P. Kline for Governor and Lieutenant Governor, respectively, in the general election of 1974. It received and disbursed monies to cover the election expenses of these candidates and Mrs. Mawby was the committee treasurer. Pursuant to Section 1607(a) of the Pennsylvania Election Code[3] (Election Code), 25 P.S. §3227(a), the committee filed an expense account with the Bureau on December 5, 1974, which listed all disbursements made, contributions received, and liabilities of the committee as of November 4, 1974, the day before the general election.

On May 21, 1976, some eighteen months after the filing of the report, an article appeared in *The Evening Bulletin*, a Philadelphia newspaper, which quoted Mrs. Mawby, in replying to questions about the report, as saying that additional monies had been contributed to the committee after the election which had not been reported to the Bureau. The article also suggested that some contributions which had been made to the committee before November 4, 1974 had not been reported in the expense account filed on De-

---

[2] The individuals named in the petition are Milton J. Shapp, Ernest P. Kline and Nancy Mawby, treasurer of Pennsylvanians for Shapp-Kline.

[3] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §2600 et seq.

cember 5, 1974. The petitioners filed their petition in this Court on June 18, 1976, seeking an order compelling the committee to file a supplemental expense account detailing the contributions made on election day and afterwards, and also asking an audit of the expense account filed by the committee on December 5, 1974. The respondents have filed preliminary objections in the nature of a demurrer arguing that: (1) the supplemental account sought by the petitioners is unavailable under the Election Code and, (2) the request for audit was not timely filed.

The effect of a demurrer and the standards for sustaining preliminary objections in the form of a demurrer are well established. A demurrer admits every well pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences deducible therefrom, but not conclusions of law. *Buchanan v. Brentwood Federal Savings and Loan Association,* 457 Pa. 135, 320 A.2d 117 (1974). And, for a demurrer to be sustained, it is essential that the plaintiff's complaint indicate on its face that the claim cannot be sustained and that the law will not permit recovery. *Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970).

Section 1607 of the Election Code, 25 P.S. §3227, concerns the filing of expense accounts, and it provides in part:

(a) Every candidate for nomination or election, and every treasurer of a political committee, or person acting as such treasurer, shall, *within thirty days after every primary and election at which such candidate was voted for or with which such political committee was concerned,* if the amount received or expended or liabilities incurred shall exceed the sum of one hundred fifty dollars, *file a full, true and detailed account,* subscribed and sworn to by him,

setting forth each and every sum of money received, contributed or disbursed by him for primary or election expenses, the date of each receipt, contribution and disbursement, the name of the person from whom received or to whom paid, and the specific object or purpose for which the same was disbursed. (Emphasis added.)

Clearly, this section requires the filing of a single expense account within a thirty-day period after the election, and the committee here met these requirements with the filing of an expense account on December 5, 1974. Moreover, there is clearly no continuing obligation on a candidate or on the political committee to file additional supplemental expense accounts for contributions received after an election. Whether or not the law should contain additional requirements is not before us here. Any change, however salutary, is a matter exclusively for legislative consideration.

The petitioners rely heavily upon the cases of *In Re Friends of McErlean,* 341 Pa. 334, 246 A.2d 431 (1968), and *Lurie v. Republican Alliance,* 412 Pa. 61, 192 A.2d 367 (1963), to support their argument that it is within the power of this Court to order the committee to file supplemental expense accounts. Their reliance upon these cases, however, is misplaced. Both *McErlean* and *Lurie* are authority for the proposition that it is within the power of this Court to compel a candidate or a political committee to produce *an* expense account after the expiration of the thirty-day period after the election *if that has not yet been done.* Neither case holds that it is necessary for a candidate or committee to file more than one expense account, nor could such a holding be properly made under the law as it now exists.

As to the other relief sought by the petitioners, an audit of the expense account filed by the commit-

tee on December 5, 1974, Section 1611 of the Election Code, 25 P.S. §3231, deals with the audits of expense accounts and provides in part:

> (a) *Within thirty days after the last day for filing any expense account and affidavit required by this act* any five electors of the State or of the political division may present a petition . . . with the Commonwealth Court where a Statewide office is concerned, praying for an audit of such account. . . . (Emphasis added.)

It is a general rule, of course, that, where a remedy is statutorily provided, the directions of the legislation must be strictly pursued and such remedy is exclusive. *Lurie v. Republican Alliance, supra.* And the exclusive remedy provided here is an audit for which petition must be made within thirty days after the last day for filing the expense account. Clearly, the petition here, filed on June 18, 1976, over eighteen months after the expiration of the period specified in Section 3231 was untimely.

The petitioners argue, however, that the thirty-day rule of Section 1611 is to be applied in a directory rather than in a mandatory manner. Our Supreme Court considered an analogous argument in the case of *In Re Moore,* 447 Pa. 526, 291 A.2d 531 (1972). The appellant there argued that a section of the Election Code[4] which contained time limitations applicable to both the petitioner and the court must be considered mandatory on each. The court held that the time limitations applicable to petitioners were mandatory while those addressed to purely judicial functions were .an encroachment on judicial power and should be considered merely directory. We believe that the limitation of thirty days in which to file petitions for audit contained in Section 1611 is also mandatory and that

---

[4] Section 977 of the Election Code, 25 P.S. §2937.

the petitioners, having failed to act within this period, are barred from doing so now.

The petitioners' additional argument that the thirty-day period for filing the audit petition should be measured from the date of the newspaper article is unpersuasive. It is based on the case of *In Re Friends of McErlean, supra,* the facts of which are easily distinguishable, as stated previously, from those found here. In *McErlean,* the expense account itself had been tardily filed and the court extended the period for filing an audit petition from the date when knowledge of the account's filing had been admittedly gained. It is undisputed here that the committee's expense account was timely filed.

As our Supreme Court noted in *Lurie v. Republican Alliance, supra,* of course, the Election Code must be liberally interpreted to carry out the evident legislative intent that expense accounts of candidates for public office must be subject to the closest scrutiny, but the interpretation of any section of the Election Code must be based on, and necessarily limited by, the words used to express that intent. We believe that the sections of the Election Code under which the petitioners have here sought relief are clear, and we are not free to disregard their letter under the pretext of pursuing their spirit. The respondents here may be the beneficiaries of a significant gap in the campaign finance reporting requirements of the Election Code but the expansion of these requirements to include post-election contributions is a legislative rather than judicial function. We must, therefore, sustain the respondents' preliminary objections and dismiss this petition.

## Order

And Now, this 14th day of January, 1977, the preliminary objections of the respondents are sustained and the petitioners' petition is hereby dismissed.