Allen N. Brunwasser, Plaintiff *v.* Barton Fields, Secretary of the Commonwealth, Defendant.

Argued November 1, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and MacPhail. Judges Di-Salle and Craig did not participate.

*Allen N. Brunwasser*, plaintiff, for himself.

*Elisabeth S. Shuster*, Deputy Attorney General, with her *Norman J. Watkins*, Deputy Attorney General, Chief, Civil Litigation, and *Gerald Gornish*, Acting Attorney General, for defendant.

Opinion by President Judge Bowman, February 9, 1979:

Allen N. Brunwasser (petitioner), a resident of Allegheny County, and a member of the bar, has invoked the original jurisdiction of this Court pursuant to Section 401 of the Appellate Court Jurisdiction Act of 1970,[1] now the Judicial Code, 42 Pa.C.S. §761, by filing a complaint in equity[2] seeking an order enjoining the respondent, the Secretary of the Commonwealth (Secretary), from issuing a certificate of election to Allegheny County Common Pleas Judge I. Martin Wekselman and for other relief.

---

[1] Act of July 31, 1970, P.L. 673.

[2] Which, pursuant to Pa. R.A.P. 1501 et seq. and Section 761 of the Judicial Code, we shall treat as a petition for review in the nature of a complaint in equity although the reliefs sought might warrant characterization of the petition for review as being in the nature of mandamus.

Judge WEKSELMAN was elected to begin service as an Allegheny County Judge by winning both the Republican and Democratic nominations in the primary election held in May of 1977, and by receiving the majority of votes in the November, 1977, general election. Upon certification by the local election board of these election returns it then became the duty of the Secretary to issue a certificate of election to the successful candidate. Section 201(f) of the Pennsylvania Election Code (Election Code), Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §2621(f).

The gravamina of petitioner's complaint are allegations of a host of Election Code violations regarding campaign contributions to Judge WEKSELMAN's campaign, as reflected in the expense accounts filed by him with the Allegheny County Board of Elections. These violations are purported to include alleged contributions from certain law firms, corporations, and unincorporated associations; the failure to appoint a named election committee or to file a campaign collection and expense return; and distribution of literature on election day.[3]

It is petitioner's contention that notwithstanding the duty imposed upon the Secretary by Section 201(f) of the Election Code, Section 1851, 25 P.S. §3551, prohibits the Secretary from issuing a certificate to Judge WEKSELMAN under the extant circumstances, and so provides a basis for his cause of action. This Section directs:

Any person who shall, while a candidate for office, be guilty of bribery, fraud or willful violation of any provision of this act, shall be forever disqualified from holding said office or any

_____

[3] *See generally* Sections 1603-1607 of the Election Code, 25 P.S. §§3223-3227.

384

other office of trust or profit in this Commonwealth.

Now before us for consideration are preliminary objections filed by the Secretary initially raising our jurisdiction to entertain an equitable action in mandamus in view of Election Code provisions for redress of campaign fund violations.[4]

In support of this contention the Secretary relies on Section 1611 of the Election Code, 25 P.S. §3231, which provides in pertinent part that:

> Within thirty days after the last day for filing any expense account and affidavit required by this act any five electors of the State or of the political division may present a petition to the court of common pleas of the county in which is situated the office where such account has been filed or with the Commonwealth Court where a Statewide office is concerned, praying for an audit of such account.

The Secretary takes the position that this mechanism provides the exclusive means by which a candidate's expense accounts may be challenged. As petitioner has failed not only to solicit the requisite number of co-complainants, but also has failed to petition the proper court, his petition, continues the Secretary, should be dismissed for failure to pursue adequate statutory remedies.

Petitioner, while willing to partially concede this point, asserts that it does not address the merits of a petition which does not seek an accounting as such,

---

[4] In addition, the Secretary has challenged petitioner's standing to bring this cause of action, and has raised a general demurrer to the "complaint" averring that the Election Code imposes no duty upon the Secretary to either issue or retrieve a "certificate of election." By virtue of our disposition of the objection raising an adequate remedy at law, we need not pass on these outstanding objections.

but forfeiture of a certificate of election, a remedy which, he contends, is outside the scope of Section 1611.

An examination of the instant petition reveals that although forfeiture of an election certificate is the actual relief sought, that forfeiture is premised solely upon alleged improprieties in the collection and disbursement of campaign funds, as well as the failure of Judge WEKSELMAN's campaign fund treasurer to file the account allegedly required by Section 1607(a) of the Election Code, 25 P.S. §3227(a).

We must begin, of course, with the proposition that "[w]here . . . an administrative remedy is statutorily prescribed the general rule is that a court—be it a court of equity or a court of law—is without jurisdiction to entertain the action." *Lilian v. Commonwealth,* 467 Pa. 15, 18, 354 A.2d 250, 252 (1976); *Gorton v. State Civil Service Commission,* 35 Pa. Commonwealth Ct. 319, 330, 385 A.2d 1026, 1032 (1978); *see* Statutory Construction Act of 1972, 1 Pa.C.S. §1504.

At issue, then, is whether Section 1611 of the Election Code provides an exclusive remedy only when an "audit" in its strict literal sense is being sought, or whether it has a more comprehensive meaning, and, if so, whether a remedy fashioned around such an audit, though not expressly mentioned in Section 1611, must nevertheless be premised upon Section 1611 procedures.

As Section 1611(c) makes abundantly clear, the term "audit" as employed in that Section entails not only an examination of the bookmaking entries, but also a judicial inquiry into whether or not "any person, whether a candidate or not, has accepted contributions or incurred expense or has expended or disbursed money in contravention of this act, or has otherwise violated any of the provisions of [the Election Code]. . . ."

Dependent as the penalty provisions of the Election Code are, *inter alia,* upon "willful violation of any provision of this act," Section 1851 included, we are of the opinion that any invocation of these penalties is dependent in its turn upon adherence to procedures set forth elsewhere in the Code to inquire into the nature of the alleged violation. Any party seeking under Section 1851 to disqualify a candidate from holding office by reason of alleged illegal or otherwise irregular campaign contributions and expenses must comply with Section 1611 procedures.

Maintaining the internal consistency of the Election Code requires such a holding. Separate and apart from the general penalty provisions of the Election Code, that portion of the Code dealing with primary and election expenses contains penalty provisions pertinent thereto. If upon audit, it should appear to the court that there have been contributions or expenses in contravention of the Election Code, a suggestion for a writ of quo warranto may be certified to the Attorney General, whereupon ouster from office could result. Section 1612 of the Election Code, 25 P.S. §3232. It is apparent the legislature intended that ouster for reason of contravention of contribution and expense requirements be made dependent upon Section 1611 procedures. It would be anomalous to hold Section 1851 disqualification proceedings to a different standard. *See* Statutory Construction Act of 1972, 1 Pa.C.S. §§1921(c)(3) and (c)(6), 1932, 1933.

Against this backdrop we consider the following language in *Lurie v. Republican Alliance,* 412 Pa. 61, 63, 192 A.2d 367, 369 (1963) to be controlling:

> The Act of 1937, supra, known as the Election Code (Code) provides the detailed procedure to be followed in regard to the accounting of the financial receipts and disbursements of

candidates for elective office. . . . It prescribes how such accounts may be challenged and audited. It specifically designates the Court of Quarter Sessions as the tribunal having jurisdiction of such proceedings. [As] [t]he present action is bottomed upon a violation of the Code . . . , [t]he complainants were legally required to follow the Code's prescriptions in challenging the violation.

*See also, In Re General Election Expenses of Shapp,* 28 Pa. Commonwealth Ct. 163, 368 A.2d 858 (1977).

Though both *Lurie* and *Shapp* were concerned with attempts to compel the actual filing of an account rather than an audit thereof, both cases lend strong support for the general proposition that when challenging a candidate's accounts, Section 1611 must be adhered to, and equity is without jurisdiction to intervene. Accordingly, the instant petition for review must be dismissed.

ORDER

Now, February 9, 1979, the preliminary objections of respondent are sustained and the petition for review is dismissed.