Luzerne County Medical Society, Petitioner *v.* Leonard Bachman, M.D., Secretary of Pennsylvania Department of Health, Pittston · Hospital Association and Wyoming Valley Hospital, Respondents.

Argued February 8, 1980, before Judges WILKIN-SON, JR., MENCER and CRAIG, sitting as a panel of three.

*Ralph E. Kates, III, Griffith, Aponick & Musto,* for petitioner.

*Reed Hamilton,* Chief Counsel, with him *Carolyn B. McClain,* Assistant Attorney General, for respondents.

OPINION BY JUDGE MENCER, May 6, 1980:

The Luzerne County Medical Society (Luzerne) filed a petition for review in our original jurisdiction,[1] seeking to enjoin the Secretary of the Department of Health (Department) from approving amendments to the articles of incorporation of the Pittston Hospital Association and the Wyoming Valley Hospital (Hospitals). The Department raises, by preliminary objections, the issue of our jurisdiction. It argues that the petition may only be considered under our appellate jurisdiction[2] and, as such, the petition was un-

---

[1] Section 761(a) of the Judicial Code, 42 Pa. C.S. §761(a).
[2] Section 763(a) of the Judicial Code, 42 Pa. C.S. §763(a).

timely filed. We sustain the preliminary objections and dismiss the petition.

Under the Charitable Institutions Law (Law), 67 Pa. C.S. §6101 et seq., the Department[3] has the authority to grant amendments to the articles of incorporation of the Hospitals. Section 6103(e) of the Law, 67 Pa. C.S. §6103(e), provides that Department orders regarding applications for approval of such amendments "shall be subject to judicial review in the manner and within the time provided by law." The actions of the Department are subject to the Administrative Agency Law, 2 Pa. C.S. §§501-508, 701-704, which provides that "[a]ny person aggrieved by an adjudication of a Commonwealth agency . . . shall have the right to appeal therefrom to the court vested with jurisdiction. . . ." 2 Pa. C.S. §702. Thus, Luzerne could have appealed the order that it now seeks to enjoin in this equity action. It is well settled that, where one has an adequate statutory remedy at law, he is barred from bringing an equity action in our original jursidicion. *Callahan v. Pennsylvania State Police,* 39 Pa. Commonwealth Ct. 609, 396 A.2d 81 (1979). *See also Brunwasser v. Fields,* 40 Pa. Commonwealth Ct. 381, 397 A.2d 479 (1979); *City of Philadelphia v. Kenny,* 28 Pa. Commonwealth Ct. 531, 369 A.2d 1343, *cert. denied,* 434 U.S. 923, *rehearing denied,* 434 U.S. 1025 (1977); Statutory Construction Act of 1972, 1 Pa. C.S. §1504.

Luzerne argues, however, that its petition should be transferred to our appellate jurisdiction. Even if we would consider the matter as though on appeal, *see, e.g.,* Pa. R.A.P. 1503; *Auditor General v. Borough of East Washington,* 474 Pa. 226, 378 A.2d 301 (1977), here it is apparent that the petition was untimely

---

[3] Although the Department of Welfare previously held the authority to grant the amendments, this power was transferred to the Department of Health, pursuant to Reorganization Plan No. 3 of 1975, 71 P.S. §756-3 (eff. September 1, 1975).

filed. The petition alleges that the Department approved the changes on December 11, 1978.[4] It is a matter of record that the appeal was filed on January 17, 1979, which is clearly beyond the 30-day limit. Pa. R.A.P. 1512.

Accordingly, we enter the following

ORDER

AND Now, this 6th day of May, 1980, the petition of the Luzerne County Medical Society, filed January 17, 1979, is hereby dismissed.

President Judge BOWMAN did not participate in the decision in this case.

---

[4] Although Luzerne argues in its brief that it did not receive notice of the Department's order until January 4, 1979, its petition alleges that the changes were approved on December 11, 1978. Since a party is bound by its pleadings, *Carter v. Martin*, 307 Pa. 515, 162 A. 220 (1932) ; 3 *Standard Pennsylvania Practice* 20 (1952), we must accept the December 11, 1978 date as controlling.