Sidney **AXELROD**

v.

Lawrence **STOLTZ, President, and Robert Burns, Secretary, Hotel, Motel & Club Employees' Union, Local 568 AFL**

and

**Hotel, Motel and Club Employees' Union Local 568 AFL**

and

**Philadelphia Local Joint Executive Board of Hotel and Restaurant Employees, Bartenders and International Union.**

**Civ. A. No. 41861.**

United States District Court
E. D. Pennsylvania.

Feb. 15, 1967.

**538**

Stephen A. Sheller, Astor & Weiss, Philadelphia, Pa., for plaintiff.

Edward Davis, Alan R. Howe, Philadelphia, Pa., for defendants.

### SUR MOTION FOR PRELIMINARY INJUNCTION

LUONGO, District Judge.

Plaintiff seeks a preliminary injunction to restrain defendants from denying to him rights guaranteed under Title I of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29

U.S.C.A. §§ 411–415. Defendants are the Hotel, Motel and Club Employees' Union Local 568, AFL (Local), the president and the secretary of Local and the Philadelphia Local Joint Executive Board of the International Union (Joint Executive Board). The first three defendants have moved to dismiss the complaint under Rule 12, F.R.Civ.P. for lack of jurisdiction and for failure to state a claim upon which relief can be granted. No appearance has been entered on behalf of the Joint Executive Board although service of process was made on January 11, 1967.

Plaintiff alleges that unless he obtains injunctive relief he will be irreparably harmed in that he will be deprived of the rights guaranteed him as a union member to participate in union meetings, to vote for the election of officers, and otherwise to participate in union affairs, for which he cannot be adequately compensated in damages.

The facts have been stipulated as follows:

From 1947 until March 13, 1962, plaintiff was a member in good standing of Local, a "labor organization" within the meaning of Section 3(i) of the LMRDA, 29 U.S.C.A. § 402(i). On March 13, 1962, after charges brought against him, plaintiff was suspended by Local for a period of two years.[1] On October 24, 1963, during the suspension period, plaintiff applied to Local's executive board for reinstatement to membership. On December 9, 1963, plaintiff was advised that his application had been denied by Local's executive board and that the executive board's action had been approved by the general membership at a Local meeting. In the latter part of March or the first week in April 1964, after the expiration of the suspension period, plaintiff made tender of dues to Local. The tender was refused, and plaintiff was advised that he must make application for reinstatement. Thereafter,

---

**1.** The validity of that suspension is the subject matter of Civil Action No. 34436, Axelrod v. Stoltz, et al. (E.D.Pa.) filed November 1, 1963. For the purposes of

this motion for preliminary injunction, the court assumes that the suspension was proper.

plaintiff applied for reinstatement and, on April 10, 1964, his application was rejected by Local's Examining Committee.[2] That rejection was approved by Local's executive board and, on June 10, by the membership. On August 28, 1964, plaintiff wrote to the president of the International Union reciting the circumstances of his suspension and the refusal of Local to reinstate him; plaintiff asked the president of the International to effect his reinstatement. The request was refused on September 8, 1964, on the ground that reinstatement could be accomplished only by the membership of Local. On September 28, 1964, plaintiff was again advised of the action of the Examining Committee refusing his application for reinstatement, and a $25 reinstatement deposit was returned to him.

1. *Jurisdiction.*

■ This court has jurisdiction of this matter under Section 102 of the LMRDA, 29 U.S.C.A. § 412:

"Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate."

■ For purposes of determining whether it has jurisdiction, this court need only determine that there has been "the assertion of a substantial claim under a federal statute * * * even though [the] court may determine ultimately that no cause of action on which relief could have been granted was alleged." Hughes v. Local 11, Internat'l Ass'n of Bridge, etc., Workers, 287 F.2d 810, 814 (3d Cir.), cert. denied, 368 U.S. 829, 82 S.Ct. 51, 7 L.Ed.2d 32 (1961). Plaintiff has alleged the denial of certain rights guaranteed "members" of a labor organization by § 101 of the LMRDA, 29 U.S.C.A. § 411. Such a claim clearly confers jurisdiction on this court. Whether in fact plaintiff is a

"member" and thus qualifies for these rights goes to the issue of failure to state a claim upon which relief can be granted and not to the issue of jurisdiction. See Hughes v. Local 11, etc., supra.

2. *Failure to State a Claim Upon Which Relief Can be Granted.*

Most of the dispute here turns on whether plaintiff is a "member" or "member in good standing" as defined by the LMRDA. If plaintiff is a "member," it will be unnecessary to comment on most of defendants' contentions, for he will be entitled to the relief he seeks.

■ Section 3(*o*) of the LMRDA, 29 U.S.C.A. § 402(*o*) provides:

" 'Member' or 'member in good standing', when used in reference to a labor organization, includes any person who has fulfilled the requirements for membership in such organization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization."

This section is not limited to those persons who are recognized as members by the organization. Instead it provides equal rights and privileges to any person who has fulfilled the requirements of membership, i. e. those who are members in substance despite the fact that the union officials have not performed the ministerial acts necessary to give formal recognition to a person's status as a member. Hughes v. Local 11, etc., supra, 287 F.2d at 814–815. The Act does not set up its own requirements for membership; it recognizes the rights of unions to choose their own members. See Moynahan v. Pari-Mutuel Employees Guild of California, Local 280, 317 F.2d 209 (9th Cir.), cert. denied, 375 U.S. 911, 84 S.Ct. 207, 11 L.Ed.2d 150 (1963).

Defendants have approached the problem in this case as if Axelrod were a per-

---

2. Article XI, Section 8(a) of the Constitution of the International Union provides: "Each Local shall appoint an Investigating Committee to investigate new applicants as to qualifications and general character."

son applying for membership in the union. Defendants assert that this court has no power to interfere with a union's right to determine the qualifications of its members. We are in no sense interfering with that right. By the stipulated facts, Axelrod was concededly a member. The only question raised in this proceeding is the effect of the suspension upon that membership.

Defendants argue that plaintiff is not a member since he has been suspended and has not been "reinstated" in the manner set forth in the Constitution of the International Union, which provides in part as follows:

Article XI, Section 10(a)

"Members suspended by Local Unions as a penalty for infraction of rules may be reinstated by vote of the Local Union which imposed the penalty or by the General President where the International Union imposed the penalty."

\* \* \* \* \* \*

Article XX, Section 9

"When the accused is found guilty [of certain offenses], the penalty may be a fine, suspension, expulsion, limitation to hold office, or attend meetings, or any combination of the foregoing, or such other penalty as the determining authority may deem appropriate."

■ Defendants' argument is based on an interpretation which equates "suspension" to "expulsion," terms which are not at all equivalent. Suspension is a temporary cessation of rights and benefits, whereas expulsion is a disfranchisement, a severing of connections between the expelled member and the organization. See Lowery v. International Bhd. of Boilermakers, 241 Miss. 458, 130 So. 2d 831, 838 (1961); Leibson v. Henry, 356 Mo. 953, 204 S.W.2d 310 (1947); Black, Law Dictionary 1615–16 (4th ed. 1951); cf. Bishop v. Bacon, 130 Pa. Super. 240, 196 A. 918 (1938), allocatur refused. For that reason, Carroll v. Associated Musicians, Local 802, 235 F. Supp. 161 (S.D.N.Y.1963) and Smith v. General Truck Drivers Union, 181 F.Supp. 14 (S.D.Calif.1960), relied on by defendants are not applicable.

■ In this case, the penalty imposed upon Axelrod was suspension for a time certain, two years. At the end of that period the rights and benefits, as well as the obligations and burdens, of membership resumed automatically. Under defendants' interpretation of Section 10(a), that definite period of suspension was subject to a further condition, i. e. approval by vote of the membership, thereby rendering uncertain and indefinite that which had been certain and definite. In my view, such an interpretation is unreasonable and unwarranted. The reasonable interpretation of Section 10(a) is that the reinstatement contemplated therein was designed, not as an added burden, but to mitigate the penalty, to shorten a period of suspension or to terminate an expulsion. Such an interpretation is consonant with the principle of strict construction of penal provisions of union constitutions. See Allen v. International Alliance of Theatrical Employees, 338 F.2d 309 (5th Cir. 1964).

When Axelrod's period of suspension ended, there was no requirement for any proceedings looking to reinstatement. When he tendered dues after the expiration of the suspension period, he had done all that was necessary to the restoration of his benefits and privileges as a union member. The rejection of the tender of dues was improper.

■ One contention remains, that plaintiff does not come within the Act's definition of a member. Section 3(o), 29 U.S.C.A. § 402(o), defines a member as one who has not "been expelled or suspended from membership." The voluminous legislative history of LMRDA furnishes no assistance in construing this language and I am left to a common sense interpretation. If I accept the view that defendants advance, a union member who has had imposed upon him a short period of suspension as a minor penalty for a relatively minor infraction, could have his rights as a member withheld indefinitely until such time as he

has won a popularity contest to be "reinstated" by vote of the membership. I cannot ascribe to Congress an intention to withhold so easily the protection of the Bill of Rights of Title I. I can only conclude that the common sense construction of the above quoted phrase limits the reference to suspension as if it read "during the period of suspension." Under this interpretation, as pointed out above, Axelrod's rights, privileges, burdens and obligations (including payment of dues) as a union member were restored upon the expiration of his period of suspension.

3. *Miscellaneous.*

 Defendants have raised several other points which require only very brief comment. They have questioned the propriety of injunctive relief here. I am satisfied that plaintiff will be irreparably harmed if he is denied the basic rights of membership guaranteed by Title I of the LMRDA. There is no way in which he can be compensated adequately by an award of money damages for the loss of those rights.

 The defendants have also raised the earlier Civil Action (No. 34436) instituted by Axelrod in this court as a bar to these proceedings. That earlier suit contests the validity of the two year suspension. The outcome of that suit will have no bearing here. Validity of the suspension is not in issue here. The only issue here is whether, *assuming the suspension was valid,* the defendants are now improperly preventing, or interfering with, plaintiff's exercise of membership rights.

 Defendants also contend that plaintiff has failed to exhaust "mandatory internal remedies" (including appeal to the General Executive Board). They maintain that the requirement of exhaustion is not subject to the four months' limit in the proviso to Section 101(a) (4), 29 U.S.C.A. § 411(a) (4), citing Mamula v. United Steelworkers, 414 Pa. 294, 200 A.2d 306, appeal dismissed, cert. denied, 379 U.S. 17, 85 S.Ct. 148, 13 L.Ed.2d 84 (1964). In that case the Pennsylvania Supreme Court held only that the state courts are not bound by the four months' limit but recognized that the federal courts have adopted "an exhaustion of remedies rule patterned upon the proviso clause in [29 U.S.C.A. § 411(a) (4)]." Id. at 304, 200 A.2d at 311. See Harris v. International Longshoremen's Ass'n, 321 F.2d 801 (3d Cir. 1963).

Plaintiff has spent in excess of four months vainly seeking, by the Union's internal procedures, the "reinstatement" which was his automatically upon tender of dues when the period of suspension expired. He was misled into those efforts by the defendants or their agents. He will not be required to pursue them further.

## ORDER

And now, this 15th day of February, 1967, the Court having concluded that plaintiff, Sidney Axelrod, is a member of defendant, Hotel, Motel and Club Employees' Union, Local 568, AFL; that the defendants have withheld and, unless enjoined, will continue to withhold from plaintiff rights guaranteed him by Section 101(a) of the LMRDA, 29 U.S.C.A. § 411(a), and that plaintiff will suffer irreparable harm thereby, it is

Ordered and decreed that the defendants, and each of their agents, servants and employees, refrain from denying to plaintiff, or interfering with his exercise of, the rights of membership guaranteed him by Section 101(a) of the LMRDA of 1959, 29 U.S.C.A. § 411(a), so long as plaintiff complies with all reasonable requirements of the Constitution and By-laws of Hotel, Motel and Club Employees' Union, Local 568, AFL.