Peter J. BRENNAN, Secretary of Labor,
United States Department of Labor,
Plaintiff,

v.

STEAMFITTERS LOCAL UNION NO.
449, UNITED ASSOCIATION OF
JOURNEYMEN AND APPRENTICES
OF the PLUMBING AND PIPE FIT-
TING INDUSTRY OF the UNITED
STATES AND CANADA, AFL–CIO, De-
fendant.

Civ. A. No. 71–280.

United States District Court,
W. D. Pennsylvania.

May 21, 1974.

Kenneth L. Stein, Philadelphia, Pa., for plaintiff.

James H. Logan, Pittsburgh, Pa., for intervening plaintiff.

Ben Paul Jubelirer, Pittsburgh, Pa., Donald J. Capuano, Washington, D. C., for defendant.

## OPINION

SCALERA, District Judge.

This court has jurisdiction of this action under §§ 401(e) and 402(b), (c) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481(e), 482(b), (c).

In the fall of 1970, Karl R. Smith, a journeyman member of the Metal Trades Branch of Steamfitters Local Union 449, United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL–CIO (union), attempted to run for the local union office of secretary-treasurer. Prior to the election, officials of the local expunged Smith's name from the ballot and informed him that this action was taken pursuant to § 132 of the union constitution which bars metal trades branch members from running for or holding high union offices.[1] Smith protested this action through a series of appeals which ended with the affirmation of the local union's action on the grounds that § 132 barred Smith's candidacy *and* on the additional grounds that Smith was ineligible to participate in union affairs because of his ownership interest in a plumbing business, thereby violating § 186 of the Constitution of the United Association.[2] Smith complained to the Secretary of Labor that § 132 which governed the conduct of the election held December 5, 1970 and which barred over 30% of the union membership from certain offices violated 29 U.S.C.A. § 481(e). That section provides:

"In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed) and shall have the right to vote for or otherwise support the candidate or

---

1. The election in question was held in accordance with § 132 of the union's constitution and bylaws which provides:

   "Only qualified journeymen members of the Building and Construction Trades Branch of the Local Union shall be eligible for the following offices in a Combination Local Union: 1. President; 2. Vice President; 3. Business Manager and/or Chief Business Agent; 4. Members of Examining Board; 5. Majority membership on Local Union's Executive Board; 6. Financial Secretary, Treasurer and/or Secretary-Treasurer, Journeymen members of the Metal Trades Branch of the Local Union shall be eligible for all other offices."

2. Section 186 of the union constitution provides:

   "Any member of the United Association who enters business legitimately for himself, or who holds a financial interest in any business directly connected with the plumbing and pipe fitting industry, and who desires to maintain his membership in the United Association in order to keep his burial expense benefits, shall not have the right to voice or vote or to take any part in the official affairs of the Union."

   Under this section, owners of plumbing businesses were regarded as union members for the limited purpose of maintaining burial rights. This limited status was intended to prevent a business owner from influencing the affairs of the union rank and file—a situation which involves obvious opportunities for conflicts of interest.

candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof. Not less than fifteen days prior to the election notice thereof shall be mailed to each member at his last known home address. Each member in good standing shall be entitled to one vote. No member whose dues have been withheld by his employer for payment to such organization pursuant to his voluntary authorization provided for in a collective bargaining agreement shall be declared ineligible to vote or be a candidate for office in such organization by reason of alleged delay or default in the payment of dues. The votes cast by members of each local labor organization shall be counted, and the results published, separately. The election officials designated in the constitution and bylaws or the secretary, if no other official is designated, shall preserve for one year the ballots and all other records pertaining to the election. The election shall be conducted in accordance with the constitution and bylaws of such organization insofar as they are not inconsistent with the provisions of this subchapter."

Acting pursuant to 29 U.S.C.A. § 482(a) and (b), which provides that:

"(a) A member of a labor organization—

"(1) who has exhausted the remedies available under the constitution and bylaws of such organization and of any parent body, or

"(2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation,

may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of section 481 of this title (including violation of the constitution and bylaws of the labor organization pertaining to the election and removal of officers). The challenged election shall be presumed valid pending a final decision thereon (as hereinafter provided) and in the interim the affairs of the organization shall be conducted by the officers elected or in such other manner as its constitution and bylaws may provide.

"(b) The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of this subchapter has occurred and has not been remedied, he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization as an entity in the district court of the United States in which such labor organization maintains its principal office to set aside the invalid election, if any, and to direct the conduct of an election or hearing and vote upon the removal of officers under the supervision of the Secretary and in accordance with the provisions of this subchapter and such rules and regulations as the Secretary may prescribe. The court shall have power to take such action as it deems proper to preserve the assets of the labor organization."

the Secretary filed this suit challenging the legitimacy of § 132 in light of § 401(e) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 481(e), as well as the entire outcome of the 1970 union election.

The matter is before the court for disposition of two pretrial procedures: (1) the parties, after submitting a factual stipulation, filed cross motions for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure; and (2) Karl Smith, subsequent to the filing of the aforementioned motions, moved to intervene as a party plaintiff, citing as authority Trbovich v. United Mine Workers, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686, and Rule 24, Federal Rules of Civil Procedure.

*I. The Motions for Summary Judgment*

A

The union cites § 186 of the union constitution, stipulation No. 36,[3] and argues that the Secretary was without the authority to bring this action because Smith was a business owner during the period in issue, was not therefore a union member who was eligible to run for office, to vote in elections, or to participate in official union activities; and therefore Smith, whose membership in the union was only for the limited purpose of maintaining burial rights, was without the requisite standing to complain to the Department of Labor, either for himself or on behalf of other union members.

The union supports its motion by urging that an accommodation be made of § 14(a) of the National Labor Relations Act, as amended by the Labor-Management Relations Act of 1947, § 101, 29 U.S.C. § 164(a),[4] dealing with the extent of participation by supervisors in official union activities, with § 481(e) of the Labor-Management Reporting and Disclosure Act (LMRDA). Defendant union cites Local 636 of Journeymen and Apprentices of Plumbing & Pipe Fitting Industry, etc. v. NLRB, 109 U.S.App.D. C. 315, 287 F.2d 354 (1961), in which the court reviewed a cease and desist order of the National Labor Relations Board (NLRB). Because of the appar-

ent upward and downward mobility of the positions of foremen and supervisors in the building trades industry, supervisors retained their union membership so they could work as journeymen if they lost their supervisory positions. The NLRB described the active participation by supervisors in official union affairs as "interference" in violation of § 8(a)(1, 2) of the National Labor Relations Act (NLRA), 29 U.S.C. § 158(a) (1, 2).[5]

The NLRB order did not require the supervisors to relinquish their union membership but permitted nominal, non-participatory membership. The supervisors appealed and argued that § 14(a) of the Act, 29 U.S.C. § 164(a) entitled supervisors to the right to actively participate in the union's affairs. The court rejected this argument and held that (1) active participation in union affairs by supervisors (even though in good faith) was correctly characterized by the NLRB as "interference," and (2) that § 14(a) of the NLRA does not guarantee to supervisors the right to participate actively in a journeyman's union. 287 F.2d at pages 361, 362. The holding of *Local 636* has been specifically approved by this Circuit in NLRB v. Employing Bricklayers' Assn. of Del. Val. & Vic., 292 F.2d 627 (3d Cir. 1961).

The union contends that as the owner of a plumbing business interest, Smith's status in the union is analogous to that

---

3. "Stipulation 36. The parties stipulate that Karl R. Smith was, during November and December of 1970 which continued from 1962, legitimately in business for himself or held a financial interest in a business directly connected with the plumbing and pipefitting industry."

4. "Section 14(a). Nothing herein shall prohibit any individual employed as a supervisor from becoming or remaining a member of a labor organization, but no employer subject to this subchapter shall be compelled to deem individuals defined herein as supervisors as employees for the purpose of any law, either national or local, relating to collective bargaining." 29 U.S.C. § 164(a).

5. "29 U.S.C. § 158(a)(1, 2):
   "(a) It shall be an unfair labor practice for an employer—
   "(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title;
   "(2) to dominate or interfere with the formation or administration of any labor organization or contribute financial or other support to it: Provided, That subject to rules and regulations made and published by the Board pursuant to section 156 of this title, an employer shall not be prohibited from permitting employees to confer with him during working hours without loss of time or pay; . . . ."

of a supervisor.[6] Smith's union membership is a limited one, and his membership status does not give him standing to file a complaint with the Secretary under § 481(e) of the LMRDA.

The union's final argument in support of its motion for summary judgment answers the Secretary's position that in order for Smith to be removed from union membership or even relegated to nominal status, he must first be afforded due process outlined in the "Bill of Rights" section of the LMRDA, 29 U.S. C. § 411.

The union argues that § 411 applies when a member is being disciplined and faces possible suspension. When a member changes his status from employee-working man to business owner, the limited membership status applies.

**B**

The Secretary supports his motion by declaring that Smith was "a member in good standing" of Local 449 within the meaning of § 3(o) of the LMRDA, 29 U.S.C. § 402(o). The Secretary claims that the question of defining the word "member" as used in this Title IV action of the LMRDA is statutorily and conclusively determined by 29 U.S.C. § 402(o).[7] He further contends that the attempts by the union to use by analogy § 14(a), 29 U.S.C. § 164(a) of the NLRA to argue that Smith is not a union member who can invoke the protection of Title IV of the LMRDA must be

termed completely erroneous and a mere confusion of the real issues involved in this matter. The Secretary in supporting his contention that 29 U.S.C. § 402(o) defines a "member" for the purposes of this action refers us to Axelrod v. Stoltz, 264 F.Supp. 536 (E.D.Pa. 1967), aff'd, 391 F.2d 549, and Hughes v. Local 11 Ironworkers, 287 F.2d 810 (3d Cir. 1961), cert. denied, 368 U.S. 829, 82 S.Ct. 51, 7 L.Ed.2d 32.[8] Finally, in support of his premise, the plaintiff points out that it has been stipulated that Smith never applied for the required withdrawal card, nor has he ever been suspended or expelled from union membership.

The stipulated fact as to the exhaustion of internal union remedies by Smith is claimed to also support the plaintiff's position on the issue of union membership. 29 U.S.C.A. § 482 clearly indicates that a complaint by a union member who has exhausted union remedies is a jurisdictional prerequisite to a court review of a union election. Kempthorne v. United Transportation Union, 457 F.2d 551 (7th Cir. 1972); Shultz v. Local 1291, International Longshoreman's Assn., 429 F.2d 592 (3d Cir. 1970). As the parties have stipulated that Smith did all that was necessary to exhaust his internal union remedies (see Stipulations # 30, 31), the question posed by the union's motion is whether Smith was a union member when he attempted to exhaust his union remedies and when he

6. The policy underlying § 186 of the union's constitution is simply that a business owner member should not be able to operate within the union framework so as to influence or create union policies that might damage or undermine the basic interests of the laboring rank and file. The Secretary does not challenge the right of the union to enact or utilize § 186 to prevent such conflicts of interest.

7. See Wirtz v. Independent Petroleum Workers of America, Inc., Independent Oil Workers Union, 307 F.Supp. 462 (D.C.Ind.1969).

8. In Hughes, supra, plaintiff was a member of the international union and having ful-

filled all of the requirements for membership in defendant's local union and having met all of the statutory requirements of 29 U.S.C. § 402(o) for membership, the court held that plaintiff was a member of the defendant's local even though there had not been the performance of ministerial acts precedent to formal admission.

In Axelrod, supra, relying in part on the Hughes case, the court held that the plaintiff's rights and benefits as a member pursuant to § 402(o) resumed automatically at the expiration of his suspension from the local union without the necessity of any formal reinstatement proceedings.

filed his complaint with the Secretary. The Secretary argues that business interests notwithstanding, Smith be regarded as a union member for purposes of exhausting union remedies and filing such a complaint until membership is revoked in a due process proceeding.[9]

The Secretary concludes by stating that if this court finds that Smith was a member in good standing, the court would then necessarily move to a determination for the plaintiff on the second issue concerning the reasonableness of § 132 of the defendant's constitution within the meaning of § 401(e) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 481(e).

Summary judgment may not be granted unless it is shown by the movant that there is an absence of any genuine issue as to all material facts and that the moving party is entitled to a judgment as a matter of law. 6 Moore's Federal Practice ¶ 56.15 [3], page 2335. All inferences of fact from the materials presented to the court on the motion must be drawn against the movant and in favor of the party opposing the motion. Smith v. Pittsburgh Gage & Supply Co., 464 F.2d 870 (3d Cir. 1972).

■ Applying these standards to the union's motion, we conclude that the motion must be denied. The union has not clearly demonstrated that it is entitled to judgment as a matter of law with respect to the issue of membership status of Smith as the owner of a plumbing business interest.

■ Applying the same criteria to the Secretary's motion for summary judgment, we likewise are compelled to deny it. Were we even to assume that the Secretary's position that Smith, notwithstanding his interests in a plumbing business, was a member of the union for the purposes of filing a complaint with the Secretary under Title IV of the LMRDA, 29 U.S.C. §§ 481(e), 482(b), (c), we cannot say that § 132 of the union's constitution is a patently unreasonable qualification. The factual material presented in support of the Secretary's position that § 132 is unreasonable has been minimal. Weighing all inferences of fact in favor of the union, the court is not persuaded by the Secretary that such a qualification barring the metal trade branch members from running for or holding high union offices serves no rational objective. At this point, the materials presented by the Secretary do not clearly show that § 132 is not founded upon the seemingly valid premise of entrusting the control of the union to only those journeyman members whose skill and understanding of overall union interests would better equip them to more ably lead the union. For these reasons we deny the Secretary's motion for summary judgment.

## II.  THE MOTION FOR INTERVENTION

### A

Karl Smith moved to intervene as a party plaintiff on November 29, 1973.

---

9. The Secretary bases this argument on a *Pari Materia* reading of the following statutory sections:

"'Member' or 'member in good standing', when used in reference to a labor organization, includes any person who has fulfilled the requirements for membership in such organization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization. 29 U.S.C.A. § 402(*o*).

*     *     *     *     *

"Safeguards against improper disciplinary action.—No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

"Any provision of the constitution and bylaws of any labor organization which is inconsistent with the provisions of this section shall be of no force or effect." 29 U.S.C.A. § 411(a)(5).

Apparently Smith's desire to intervene grows out of his concern over the possible success of the union's defense that § 186 of the union's constitution alters Smith's status and therefore bars Smith from filing a claim with the Secretary over the reasonableness of § 132.[10]

Prior to the United States Supreme Court's decision in Trbovich v. United Mine Workers, supra, the courts had consistently refused to permit a complaining union member to take the management of a Title IV action under 29 U.S.C. § 482 out of the hands of the Secretary by intervening as a party plaintiff. Wirtz v. National Maritime Union, 409 F.2d 1340 (2d Cir. 1969); Stein v. Wirtz, 366 F.2d 188 (10th Cir. 1966), cert. denied, 386 U.S. 996, 87 S.Ct. 1316, 18 L.Ed.2d 344 (1967); Schultz v. United Steelworkers of America (District 15), 312 F.Supp. 1044 (W.D.Pa.1970). The *Trbovich* decision overruled those cases to the extent that they hold that intervention is barred by 29 U.S.C. §§ 482–483 or by the holding of Calhoon v. Harvey, 379 U.S. 134. In *Trbovich*, the court reasoned:

> "Intervention by union members in a pending enforcement suit, unlike initiation of a separate suit, subjects the union to relatively little additional burden. The principal intrusion on internal union affairs has already been accomplished, in that the union has already been summoned into court to defend the legality of its election. Intervention in the suit by union members will not subject the union to burdensome multiple litigation, nor will it compel the union to respond to a new and potentially groundless suit.

Thus, at least insofar as petitioner seeks only to present evidence and argument in support of the Secretary's complaint, there is nothing in the language or the history of the LMRDA to prevent such intervention." 404 U.S. at 536 and 537, 92 S.Ct. at 635.

The court concluded that if the prospective intervenor meets the above burden, the right to intervention in a Title IV case would be determined by the standards applicable under Fed.R.Civ.P. 24(a).

Smith alleges that he is moving to intervene to support the Secretary's complaint that § 132 of the union's constitution is an unreasonable qualification within the meaning of § 401(e), 29 U.S. C. § 481(e). In this respect, Smith, like the Secretary, seeks to have this provision declared invalid by the court so that all metal trades branch members of the union may be nominated for their union's high offices.

Smith alleges, as Rule 24(a)(2) requires, that: (1) the motion to intervene is timely; (2) he has an interest in the subject matter of the action; and (3) the disposition of the action may impair or impede his ability to protect his interest, unless the interest is adequately represented.

Because the Secretary has stipulated that Smith was a business owner at the time of the challenged election pursuant to § 186 of the union's constitution, Smith argues that the Secretary has not adequately represented his interest. Smith contends that the Secretary's entry into such a stipulation advances the union's defense that Smith had no

---

10. Although Smith's counsel says he is moving to intervene under Rule 24(a) and (b), it is clear that if Smith can intervene he may do so only under the rationale of *Trbovich,* supra, and the standards of Rule 24(a). Permissive intervention under Rule 24(b) is inappropriate here because Smith could not bring this claim based on § 402 of Title IV of the LMRDA by his own initiative as an independent action. Harvey v.

Calhoon, 379 U.S. 134, 85 S.Ct. 292, 13 L. Ed.2d 199 (1964) states that the procedure outlined in § 402 of the LMRDA is the exclusive method for the protection of Title IV rights. By this statutory enactment Congress decided not to permit individuals to bring such claims and has relied instead on the special knowledge and discretion of the Secretary of Labor to file Title IV actions.

standing as a bona fide union member. Although the Secretary claims that whether Smith was a business owner is irrelevant, Smith argues that while the Secretary's position may be correct, the fact that the union points to § 186 as completely barring this action necessarily places the issue of his business interest and of § 186 before the court.

Smith claims additional bases upon which to support his contention that the representation by the Secretary of his interest has been inadequate. Smith alleges that the Secretary and the Department of Labor have been "cool" and "hostile" to him. Additionally, Smith claims that he was physically beaten by "top officers" of the local union after a union meeting on August 4, 1972. Smith alleges that although aware of this beating, the Department of Labor and Department of Justice have refused to take any action to protect Smith. These allegations are irrelevant to the intervention question.

At argument on the intervention issue, counsel for Smith indicated that the motion to have Smith intervene was also inspired by Smith's interest in the potential collateral estoppel effect the adjudication of the issue of Smith's union membership may have on pending criminal and civil proceedings in the state courts. This is also irrelevant to the intervention question.

The Secretary opposes Smith's intervention and reasserts his position that the reasonableness of § 132 is the only issue before the court. The Secretary reasons that § 186 is a valid and reasonable provision of the defendant's constitution; that in light of the record including an exhaustive deposition of Smith, the Secretary was compelled to stipulate that Smith was a business owner and that pursuant to § 186, Smith could not hold office. However, the Secretary believes that § 186 does not go so far as to deny Smith a right to nominate, speak, or vote, especially since Smith has regularly paid dues. The Secretary emphasizes that the purpose for which the action has been filed is to show that § 132, not § 186, is an invalid and unreasonable provision in the union's constitution which voids Local 449's election of December 5, 1970.

In addition to arguing that Smith's interest is adequately represented, the Secretary challenges the intervention on the more fundamental ground that the movant does not show a sufficiently clear interest in the subject matter of this action, as required by Rule 24(a)(2). The plaintiff points out that this is not a case of Smith v. Local 449; this action is between the Secretary and Local 449. Any interest a member may have in protecting a right to run for office in a specific election is secondary to the interest of the union members as a group and the interest of the public at large in having free and democratic union elections. Wirtz v. Local 153, Glass Bottle Blowers Assn., 389 U.S. 463, 88 S.Ct. 643, 19 L.Ed.2d 705 (1968), and Wirtz v. Local 125, Laborers Int'l Union, 389 U.S. 477, 88 S.Ct. 639, 19 L.Ed.2d 716 (1968).[11] Because the interest of the public and the union in general "transcends" the individual interest of Smith, the Secretary concludes that the intervention should be denied.

Relying on the United States Supreme Court's decision in Hodgson v. Local Union 6799, United Steelworkers of America, AFL–CIO, et al., 403 U.S. 333, 91 S. Ct. 1841, 29 L.Ed.2d 510 (1971),[12] the

---

11. In *Local 153, Glass Bottle Blowers Association,* supra, the court stated:

". . . [I]t seems to view the Act as designed merely to protect the right of a union member to run for a particular office in a particular election. But the Act is not so limited, for Congress emphatically asserted a vital public interest in assuring free and democratic union elections that transcends the narrower interest of the complaining union member." 389 U.S. at 475, 88 S.Ct. at 650.

12. Therein, a complaining union member, after having failed to obtain relief through the internal procedures of the union regarding his charge that union facilities had been

Secretary in his final argument opposing intervention argues that the issue of the applicability of § 186 to Smith was never raised by Smith. As the Secretary is limited in his investigation to the complaint raised by the complaining member, the issue of § 186 cannot now be litigated. Having failed to include this issue in his complaint and having likewise failed to protest the issue through the available internal union procedures, Smith cannot now empower the Secretary to investigate § 186. While the Secretary states that he would like to be able to have the complaint of a union member trigger his ability to completely investigate and search for all violations which the Labor Department could properly remedy, *Local 6799*, supra, limits the Secretary only to the violations complained of by the union member.

The union adopts a similar position in its opposition to Smith's intervention. Again relying on *Local Union 6799*, the union argues that the sole issue raised by Smith, § 186, was not raised in his complaint to the Secretary. Because the claim of Smith in his motion to intervene is beyond the scope of the Secretary's complaint, the intervention is barred by *Trbovich*. Whether the issue of § 186 was not raised by Smith in his complaint to the Secretary or whether the Secretary believed that the issue of § 186 was not a meritorious claim upon which to challenge the election in question, the defendant union claims that intervention is inappropriate. Citing *Trbovich* where the court stated that ". . . Title IV imposes no bar to intervention by a union member, so long as that intervention is limited to the claims of illegality presented by the Secretary's complaint, . . ." 404 U.S.

at 537, 92 S.Ct. at 636, the union claims that the attempted intervention is barred.

The union's concluding argument is that even assuming Smith to be a member of the union, his failure to protest to the Secretary that he was disqualified to run under § 186 forfeits his standing and also the standing of the Secretary in this case. The defendant claims that the court can inquire into § 132 only after having determined that Smith protested under § 186 to the Secretary. In arguing this, the union adopts an apparently inconsistent position. On the one hand, the union raises § 186 as supporting its motion for summary judgment on the basis that § 186 strips Smith and the Secretary of the standing to bring this action. On the other hand, the union claims that the decisions of the United States Supreme Court in *Local Union 6799* and *Trbovich* prohibit Smith from raising the issue of § 186 in a motion to intervene as a plaintiff because it would require the defendant union to litigate additional issues.

**B**

Both the Secretary and the union claim that the LMRDA as interpreted by the Trbovich decision prohibits Smith's intervention. As we stated, the Secretary argues that § 132 is the only issue in the case and that the issue of the applicability of § 186 to Smith is irrelevant. The success of the Secretary's argument hinges on whether his argument that Smith is a member pursuant to 29 U.S.C. § 402(*o*) for the purposes of filing the instant action is successful. The Secretary has concluded that his argument is valid and therefore advises that Smith's motion to intervene is beyond the claim of illegality presented by his

used to promote the candidacy of the incumbent president, filed with the Secretary, pursuant to § 402(a) of the Act, 29 U.S.C. § 482(a). The complaint to the Secretary repeated the above charge that the union's facilities had been used to promote the incumbent president's candidacy, and raised for the first time an additional objection concerning a meeting-attendance requirement imposed as a condition of candidacy for union office. The court held that the complaining member's failure to object to the attendance rule requirement during the pursuit of his internal union remedies bars the Secretary from later challenging the rule in a § 402(b) action.

**642**

complaint, and therefore in violation of the *Trbovich* decision. As the concern of Smith in his proposal to intervene touches upon an irrelevant matter, the Secretary believes intervention, in addition to being prohibited by the LMRDA, would serve no useful purpose.

It is impossible to dispose of the union's § 186 defense by terming it irrelevant. The fact that the union persists in raising the defense compels us to consider the issue. The Secretary's position on the union's § 186 defense precipitated Smith's concern that the defense may prevail. Out of such concern, Smith moved to intervene as a party plaintiff.

We believe the motion to intervene should be granted for the limited purpose of permitting Smith to rebut the union's § 186 defense, should the union persist in raising it at trial. This limited intervention we approve is not beyond *Trbovich's* mandate. If the union continues to raise its defense of § 186, Smith, as an intervening plaintiff, will be permitted to rebut that defense and in effect support the Secretary's claim that he has standing to litigate the reasonableness of § 132. The intervention which we approve in this matter does not permit Smith to raise any new issues which are beyond those claims which the Secretary raised in his complaint. As has been noted, Smith's concern is with the procedure his lawyer, the Secretary, has adopted in presenting the case.

"Even if the Secretary is performing his duties, broadly conceived, as well as can be expected, the union member may have a valid complaint about the performance of 'his lawyer.' Such a complaint, filed by the member who initiated the entire enforcement proceedings, should be regarded as sufficient to warrant relief in the form of intervention under Rule 24(a)(2)." Trbovich v. U.M.W., 404 U.S. at 539, 92 S.Ct. at 636.

Although the Secretary's obligation to protect the public interest in assuring democratic union elections transcends the interest of a complaining union member, Wirtz v. Local 153, Glass Bottle Blowers Assn., supra, 389 U.S. 463, 473, 88 S.Ct. 643, Smith's interest is not so insufficient as to deny him the right to intervene under Rule 24(a)(2), particularly when the intervention permitted is to support what the Secretary deems to be the only issue in this proceeding—the validity of § 132.

In view of the union's § 186 defense, Smith has made a minimal showing that the Secretary's representation of his interest may be inadequate. See Trbovich v. U.M.W., supra, n. 10 [citing therein 3B J. Moore, Federal Practice ¶ 24.09–1[4] (1969)]. Because we, at this time, render no opinion as to the merits of the Secretary's or the union's position, the court approves this intervention so that all positions may be heard. Only after a full and open hearing upon relevant issues only and not upon matters which are irrelevant can the court decide this case.

The intervention is not untimely. This requisite to intervention under Rule 24(a) consists of a balancing of factors:

"While timeliness is a prerequisite to any claim for intervention under Rule 24, it is settled—particularly where intervention is sought as of right—that the amount of time which has elapsed since the litigation began is not in itself the determinative test for timeliness. Rather, the court should also look to the related circumstances, including the purpose for which intervention is sought, the necessity for intervention as a means of preserving the applicant's rights, and the improbability of prejudice to those already parties in the case." Hodgson v. United Mine Workers, 153 U.S.App. D.C. 407, 473 F.2d 118, 129 (1972).

Weighing the above criteria, this intervention will not be prejudicial to the Secretary or the union.

Much of what was said in rejecting the Secretary's opposition to the inter-

vention applies to the union's position. One point of the union's argument should be again noted. The union stated in its brief that "To allow the Petitioner to litigate the question of whether he was an employer within the meaning of Section 186 would require the Defendant to litigate additional issues . . ." which the Supreme Court in *Trbovich* and *Local Union 6799* held the LMRDA was intended to avoid. The issue of § 186 is before this court for one reason —the union's use of § 186 as a defense attacking the Secretary's standing to file the complaint about § 132. Since the union has raised the issue, we fail to understand how permitting Smith to intervene for the purpose of rebutting that defense would cause the defendant to litigate additional issues. This is precisely the reason the case of *Local Union 6799* is inapplicable to the instant matter. Smith has not raised an additional issue in his complaint to the Secretary. The issue of § 186 is here raised by the union by way of defense. There is no merit in the union's opposition to Smith's intervention.

An appropriate order will be entered.