**Elbert ERKINS, and Samuel Denson, and Perry Culpepper, Plaintiffs,**

v.

**Billy BRYAN, and Arthur Comer, and George Bullard, and Charlie Greene, Defendants.**

**Civ. A. No. 80–180–N.**

United States District Court, M. D. Alabama, N. D.

June 30, 1980.

Motion for Reconsideration Denied July 21, 1980.

William I. Grubb, II, Eufaula, Ala., Thomas M. Jacobson, Jacobson, Sodos, Melnick & Krings, Milwaukee, Wis., for plaintiffs.

Cooper, Mitch & Crawford, Jerome A. Cooper, Birmingham, Ala., for defendants.

James D. English, Pittsburgh, Pa., appearing specially on behalf of United Steelworkers of America, AFL–CIO–CLC, for the limited purpose of presenting argument on its motion to intervene or its motion for reconsideration.

## ORDER

HOBBS, District Judge.

This case illustrates again the pitfalls of *ex parte* orders; even in those circumstances where Congress by statute has expressly authorized such orders.

■ The plaintiffs in accordance with Section 501(b) of the Labor Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 501(b)) petitioned this Court for leave to file a complaint against certain officers of Local Union No. 7326 of United Steelworkers of America who allegedly took union funds and expended them for unauthorized and improper purposes including purchases for the personal benefit of said officers. Plaintiffs by this complaint seek to compel the officers of the local union to account for all expenditures made by them out of union funds and to require the defendant union officials to reimburse Local 7326 and USW for all improper expenditures of union funds made or authorized by them.[1]

---

1. USW was granted the right to be heard on its plea for reconsideration of the *ex parte* order of this Court in granting plaintiffs the right to file their complaint for the benefit of USW against officers of Local Union No. 7326. Plaintiffs challenge the right of USW to "intervene" in this proceeding by way of urging such reconsideration, because Rule 24(c) requires that a motion "to intervene be accompanied by a pleading setting forth the claim or defense for which the intervention is sought." Plaintiffs correctly argue that USW has no intention of filing a pleading setting forth a claim or defense. But USW has filed a Motion to Vacate Leave to File a Complaint with accompanying memorandum and affidavits. The Federal Rules of Civil Procedure were not written with the almost unique situation in mind in which a plaintiff must obtain permission of court in order to file a complaint. In the instant pro-

ceeding, USW does not desire to join issue on the complaint. It simply desires to question the jurisdiction of this Court under § 501(b) of Title 29 to allow this suit to be brought by these plaintiffs for the benefit of USW.

Although the Court is of the opinion that USW has a right to ask for such reconsideration, if the plaintiffs lack standing to bring this suit, the Court could and should on its own motion, re-examine a ruling where the Court has the independent obligation under § 501(b) to determine prior to the commencement of the suit whether the conditions precedent to bringing the suit have been met. This Court, therefore, does consider the oral arguments advanced by the plaintiffs and counsel for USW as well as the memoranda and affidavits filed by them in determining whether its original order was proper.

Section 501(b) provides as follows: When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte. The trial judge may allot a reasonable part of the recovery in any action under this subsection to pay the fees of counsel prosecuting the suit at the instance of the member of the labor organization and to compensate such member for any expenses necessarily paid or incurred by him in connection with the litigation.

The purpose of allowing suit by union members is "to further union democracy and thereby prevent misuse of power of union leaders." *Phillips v. Osborne*, 403 F.2d 826 (9th Cir. 1968). The suit is for the benefit of the union, not its individual members or the named plaintiffs. As is clear from its reading, § 501(b) imposed certain conditions precedent to suit.

First, a demand must be made on the union to bring an action to recover the allegedly misappropriated funds. Plaintiffs made such a demand.

Second, the labor organization must refuse or fail to sue to recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so. The union in this case has failed to sue although it was provided with a letter in mid-December, 1979, re-

questing an accounting and alleging misappropriation of union funds by officers of Local Union No. 7326. A representative of USW responded to this letter by requesting the basis for the charges against officials of the Local union. In February 1980, plaintiffs sent an affidavit to USW which contained information suggesting that union funds were misappropriated by local officers. A series of letters were exchanged between the attorney for the plaintiffs and a representative of USW. On March 6, 1980, the representative of USW wrote the plaintiffs' attorney stating that USW had determined to turn the matter over to the United States Department of Labor for investigation of the charges against the Local officers.

USW contends that its action in turning this matter over to the Department of Labor was reasonable and in no way manifests a decision on its part not to pursue the alleged wrongdoers. Although USW's election may be logical and in the best interest of the union, it does not obviate the fact that the union has refused to bring suit after a demand of several months standing. This Court, therefore, finds that the second condition precedent to suit has been met.

The third condition precedent to bringing suit is that the plaintiff be a "member" of the union. The complaint alleges that plaintiffs "were at all times material hereto members in good standing" of Local 7326 of USW. Without question, plaintiffs were members of the union for purposes of § 501(b) during the time of the alleged misappropriation of funds. The USW points out, however, that plaintiffs are not now, and were not at the time suit was filed, members of the union.

Local 7236 went on strike against the only employer employing any of its members in December, 1976. The strike was long and bitter, ending in failure in May, 1978. Thereafter, USW lost the right to represent the company's employees following its defeat in a National Labor Relations

Board decertification election conducted in May, 1978. The Board overruled USW objections to the decertification election on July 14, 1978.

Following the loss of the election, Local 7326 had no bargaining representative status, and in July, 1978, an administrator was appointed to conclude the affairs of Local 7326. The Local was dormant for some eighteen months or more prior to the filing of the instant suit. No dues have been received nor have any meetings been held. In short, no activities of any kind have occurred since at least October, 1978, in connection with USW Local 7326.

During the strike, USW placed money in a special strike fund for the use of Local 7326 to cover expenses of the strike and to aid members through the economic hardship of the strike. The Local was responsible for the distribution of these funds, and it is with respect to these funds that plaintiffs charge misappropriation by officers of Local 7326. Pursuant to agreement between USW and its locals, any funds remaining in local strike funds after conclusion of strikes are returned to USW.

All dues paid by members of the USW are the property of USW rather than the local, and in the event of the revocation of a local union's charter or if a local union disbands, all assets of the local are returned to USW. Article IX, Sec. 4, of USW Constitution.

Finally, Article XI, Section 7 of the USW Constitution, provides:

A member whose membership is terminated shall have no right or interest in any property of the Local Union or of the International Union, including any dues, assessments or other financial obligations paid by such member in advance of the effective date of such termination.

Plaintiffs concede that since they are no longer union members they have no derivative interest in any recovery effected by them on behalf of the union. They insist, however, that they have an interest in righting a wrong which the local union officers inflicted on them and other members of Local 7326. Plaintiffs argue that USW has no interest in stopping wrongdoing of local union officers and that its actions from the time of plaintiffs' original demand for an investigation to the present has been protective of the local officers. Plaintiffs argue that unless they are allowed to prosecute this action, any effort by USW will be feeble at best and will strangle in bureaucratic inertia and dilatory "buck-passing." Hopefully, USW will recognize its interest in pursuing wrongdoing where it occurs on the part of Local officers. The interest of USW in taking strong action to halt the misappropriation of funds provided by it to strikebound Locals would seem obvious.

This Court, however, recognizes the possibility that USW may be less than vigorous in pursuing this matter. However, the issue remains as to whether plaintiffs meet the third condition precedent to suit under 29 U.S.C. § 501(b); i. e., that they be Union members. This Court on re-consideration holds that they do not, and therefore, withdraws its leave to file this action granted herein on May 1, 1980.

Plaintiffs rely on *Phillips v. Osborne*, 403 F.2d 826 (9th Cir. 1968) in support of the proposition that they meet the requirement of union membership imposed by the statute. In *Phillips, supra*, the erstwhile plaintiff was a union member at the time he brought suit according to the Constitution and By-Laws of the Union. The court nevertheless held that he could not bring the suit because he had also joined a rival labor organization and his interest at the time he filed suit was actually antagonistic to the union for which he sought to bring the action, and for purposes of § 501(b), he was not an appropriate person to bring an action for the benefit of the Union.

Plaintiffs' attorney points out that no such antagonistic interest prevails with the instant plaintiffs. They are not members of a rival union. But unlike the plaintiff who was disqualified in *Phillips*, the instant plaintiffs were not members of USW when suit was filed.

In *Phillips, supra,* the court pointed out that § 501(b) gives the union members a right akin to the right of shareholders in a shareholder derivative suit. The Court stated:

The condition of membership, which is expressly required by the Section, seeks to insure that a representative of the union, the real party in interest, will properly represent the union's interests in the litigation. *Phillips, supra,* at 832.

The plaintiffs in the instant suit, therefore, may be viewed as in the same position as a plaintiff who seeks to bring a shareholder derivative suit after he has sold his stock in the corporation. He may have owned his stock at the time of the alleged wrong, and he may have been derivatively injured by such wrong, but essential to his being allowed to bring the shareholder suit for the benefit of the corporation is that he be a shareholder at the time of filing suit. 7A C. Wright & A. Miller, *Federal Practice and Procedure,* 325 (1972); 19 Am.Jur.2d, *Corporations,* § 559. A complete victory in this case by the plaintiffs will be of no tangible benefit to the plaintiffs since they are not members, and a recovery for the USW will not be to their benefit, derivatively or otherwise. Conversely, a loss of this case will in no way be of any tangible detriment to them, derivatively or otherwise.

In *Schilling v. Belcher,* 582 F.2d 995, (5th Cir. 1978), the court considered the standing of a former stockholder to bring an action on behalf of the corporation. At page 999, the *Schilling* court stated:

Fed.R.Civ.P. 23.1 contains two discrete standing requirements: (1) the plaintiff must have owned stock in the defendant corporation at the time of the transaction of which he complains, the so-called "contemporaneous ownership" requirement, and (2) the plaintiff must be a shareholder of the defendant corporation at the time suit is brought. The latter requirement, unlike the contemporaneous ownership rule, is not expressly stated in the rule, but rather is implied by the statement that an action under Rule 23.1 may

be "brought by one or more shareholders . . . to enforce a right of a corporation." Only a shareholder, by virtue of his "proprietary interest in the corporate enterprise," *Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 321, 56 S.Ct. 466, 471, 80 L.Ed. 688 (1936), may "step into the corporation's shoes and . . . seek in its right the restitution he could not demand in his own." *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 548, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949). Thus, it is generally held that the ownership requirement continues throughout the life of the suit and that the action will abate if the plaintiff ceases to be a shareholder before the litigation ends. C. Wright & A. Miller, 7A Federal Practice and Procedure § 1826, at 325 (1972); see *Tryforos v. Icarian Dev. Co.,* 518 F.2d 1258 (7th Cir. 1975), cert. denied, 423 U.S. 1091, 96 S.Ct. 887, 47 L.Ed.2d 103 (1976); *Niesz v. Gorsuch,* 295 F.2d 909 (9th Cir. 1961); 3B Moore's Federal Practice ¶ 23.-1.17, at 23.1–63 (2d ed. 1978); see also Annot., 168 A.L.R. 906 (1947).

The *Schilling* court also quoted from *Kauffman v. Dreyfus Fund, Inc.,* 434 F.2d 727, 735–736 (3rd Cir. 1970) as follows:

Standing [to bring a derivative action in behalf of a corporation] is justified only by [the] proprietary interest created by the stockholder relationship and the possible indirect benefits the nominal plaintiff may acquire *qua* stockholder of the corporation which is the real party in interest.

Plaintiffs also rely on *Axelrod v. Stoltz,* 264 F.Supp. 536 (E.D.Pa.1967). In *Axelrod, supra,* the party seeking to bring the suit was suspended from union membership, and the union contended that it had to take formal action to reinstate the party before he was a "member" within the meaning of § 501(b). The court in *Axelrod* held that Axelrod became a "member" of the union when his period of suspension expired even though the union had not taken any affirmative action to reinstate.

As the *Axelrod* court stated:

When Axelrod's period of suspension ended, there was no requirement for any

proceedings looking to reinstatement. When he tendered dues after the expiration of the suspension period, he had done all that was necessary to the restoration of his benefits and privileges as a union member. The rejection of the tender of dues was improper. *Axelrod v. Stoltz, supra,* at 540.

Thus, the *Axelrod* court recognized the requirement of § 501(b) that in order to maintain the action the plaintiff had to be a member of the union, and it expressly found such membership existed.

Plaintiffs argue that their lack of union membership is through no fault of theirs, but results from the fact that their local union ceased to function. This is obviously true, but this does not give them the standing of "membership" which is required to bring this action. To paraphrase the language of *Schilling, supra,* at p. 1002, "a close reading" of § 501(b) persuades us that Congress "has not chosen to entrust the heavy responsibility of vindicating unenforced" union "rights to a representative who is no longer a member of the class which will benefit or suffer from his actions." Accordingly, it is

ORDERED that leave to file the complaint herein granted on May 1, 1980, be, and is hereby, WITHDRAWN.

## ORDER

### On Motion For Reconsideration

■ This cause is before the Court on plaintiffs' motion for reconsideration filed herein on July 14, 1980. In their motion plaintiffs now state that they do not concede that they were not members of Local 7326 when the complaint was filed. Plaintiffs argue that because the closing audit has not occurred under administratorship, the local union has not been dissolved. Based on this fact, plaintiffs now make the assertion that they are still members of the union for the purpose of construing 29 U.S.C. § 501(b).

The argument presented to this Court orally by plaintiffs' counsel on June 20, 1980, and the documents on file in this cause simply do not support plaintiffs' present assertion of present membership in the local union.

From the argument reported stenographically and transcribed in part at the Court's request, plaintiffs' counsel again and again acknowledged that plaintiffs were not members of the union at the time the complaint was filed. Counsel contended that Title 29, § 501(b) was met if plaintiffs were loyal union members at the time the union was decertified. For example:

MR. JACOBSON: If Your Honor please, as I recall, when we met in the Court's chambers, I recall distinctly indicating to the Court, and the complaint so indicates, that Mr. Erkins and Mr. Denson and Mr. Culpepper were members of the union at the relevant—what we allege is the relevant period of time, which was up to the time the union was decertified, and that we did indicate to the Court that the union local was no longer in existence, because the strike had been lost and that the local had been decertified, and I do apologize to the Court if I gave the Court the impression they were members at the time of the complaint.

And later:

MR. JACOBSON: Now, on the issue of membership, which bothers the Court, because clearly they were not members at the time  .   .   .

And again:

MR. JACOBSON: A common sense reading of what membership has got to mean in this situation, it's got to mean that as far as the strike which ends up in decertification. It is the members in good standing during the strike up to the point of decertification, and none of these plaintiffs, Your Honor, crossed that picket line.

Thus, plaintiffs' counsel conceded that plaintiffs were not union members when suit was filed and argued forcefully that this fact was irrelevant in light of the plaintiffs' undisputed membership when the alleged improprieties occurred.

As stated in this Court's order entered herein on June 30, 1980, vacating leave to file suit granted on May 1, 1980:

Following the loss of the election, Local 7326 had no bargaining representative status, and in July, 1978, an administrator was appointed to conclude the affairs of Local 7326. The Local was dormant for some eighteen months or more prior to the filing of the instant suit. No dues have been received nor have any meetings been held. In short, no activities of any kind have occurred since at least October, 1978, in connection with USW Local 7326.

The union is in a caretaker status until it is accounted for and dissolved, but the fact that this process has not concluded is insufficient to support plaintiff's newly-found assertion of present union membership nor does that fact have any effect on this Court's determination that plaintiffs lack standing to sue under 29 U.S.C. § 501(b).

Plaintiffs' counsel argued vigorously at the hearing that these plaintiffs were not to blame because they were no longer union members. Plaintiffs' counsel insisted that plaintiffs had been loyal members throughout the strike and were loyal members when the alleged wrongs took place. These facts are not in dispute, but they do not give "standing."

The basis for the Court's withdrawal of its right to file the complaint was based upon the plaintiffs' lack of any derivative interest in the outcome of the lawsuit. Any derivative interest these plaintiffs might have had in the outcome of this lawsuit was extinguished on the decertification of the union and the absence of any activity by the union or by these plaintiffs as union members for eighteen months prior to the filing of this suit. The outcome of plaintiffs' claim in this suit would in no way benefit plaintiffs, whether the process of liquidating the union has been concluded or not. The mere fact that this defunct union has not been liquidated cannot give these plaintiffs a derivative interest in the outcome of the lawsuit. In the opinion of this Court, these plaintiffs are not proper representatives to bring a suit for the benefit of the union. Membership in the union is a clear requirement by Congress when it bestowed the right of action in 29 U.S.C. § 501(b).

Accordingly, it is ORDERED that plaintiff's motion for reconsideration be, and it is hereby, denied.